

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2005

# USA v. Taliaferro

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Taliaferro" (2005). *2005 Decisions.* Paper 275.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/275

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1288
_____

UNITED STATES OF AMERICA

v.

CLIFFORD TALIAFERRO,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00733-1)
District Judge:  Honorable John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2005

Before:  SLOVITER, FISHER and GREENBERG, *Circuit Judges*.

(Filed:  November 2, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Clifford Taliaferro appeals his conviction and sentence under 18 U.S.C. § 924(c) –

possession of a firearm in furtherance of a drug trafficking crime.  Taliaferro argues that

there was insufficient evidence to support his conviction.  We believe that the case of

*United States v. Sparrow*, 371 F.3d 851 (3d Cir. 2004), is controlling, and therefore we will affirm Taliaferro's conviction.

I.

As we write only for the parties, we set forth only those facts necessary to our analysis. After receiving a tip from a confidential informant, officers of the Philadelphia Police Department began an investigation of a drug organization being operated on the 4900 block of Catherine Street in Philadelphia. According to the confidential informant, Clifford Taliaferro was the supplier for the suspected drug ring. After additional investigation, the officers obtained a search warrant for Taliaferro's residence. On May 21, 2003, the police stopped Taliaferro's vehicle after he left his residence, and seized cocaine with a net weight of approximately 189 grams.[1]

Officers subsequently executed the search warrant for Taliaferro's residence. After being advised of and waiving his rights, Taliaferro directed police to a box on the upper shelf of a bedroom closet. This box contained over one kilogram of cocaine and drug paraphernalia. In addition, two semi-automatic pistols and an AK-47 semi-automatic assault rifle were found in the closet in close proximity to the box containing the one kilogram of cocaine. Police also discovered an additional two kilograms of

---

[1]During the search of the vehicle, police also seized a fully loaded Sig Sauer .45 caliber semi-automatic pistol. This firearm formed the basis for Count 11 of the 12-count indictment returned against Taliaferro and his co-conspirators. The District Court granted the defendant's pretrial motion to suppress evidence concerning the seizure of this weapon.

cocaine in a corner of the bedroom. This larger amount of cocaine was concealed in a pile of men's clothing.

On October 29, 2003, a 12-count indictment was returned against Clifford Taliaferro and others involved in the drug organization, charging them with conspiracy to distribute more than five grams of cocaine base ("crack") and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1). Taliaferro was also charged with possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 9); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 10); and possession of firearms in furtherance of a drug trafficking felony, in violation of 18 U.S.C. § 924(c) (Counts 11 and 12).

On July 16, 2004, Taliaferro was found guilty by a jury on Counts 1, 9, and 12. The jury found Taliaferro not guilty on Count 10.[2] On January 20, 2005, Taliaferro was sentenced to an aggregate term of 120 months imprisonment,[3] four years supervised release, and a $300 special assessment.[4] This timely appeal followed.

_____

[2]As a result of a pretrial ruling to suppress the evidence with respect to Count 11, that count was not before the jury.

[3]The District Court imposed a 60 month sentence for the conspiracy conviction and a consecutive mandatory sentence of 60 months for the conviction of Possession of Firearms in Furtherance of Drug Trafficking Felony.

[4]The judgment of conviction originally included an erroneous order to forfeit identified property seized from Taliaferro at the time of his arrest. On January 31, 2005, the District Court entered an amended order imposing the same sentence, but omitting the erroneous order to forfeit the seized property.

## II.

Taliaferro appeals his conviction at Count 12, alleging that there was insufficient evidence presented at trial to conclude that the seized firearms were possessed "in furtherance of" a drug crime pursuant to 18 U.S.C. § 924(c).

In reviewing a sufficiency of the evidence claim, we examine the "totality of the evidence, both direct and circumstantial," and must credit "all available inferences in favor of the government." *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003) (citations omitted), *cert. denied*, 540 U.S. 815 (2003). We will sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citations omitted).

## III.

The Government contends that *United States v. Sparrow* controls this case. Although *Sparrow* was before this Court in a different procedural context,[5] the case considered the precise issue in question here – whether there was sufficient evidence that

---

[5]*Sparrow* involved an appeal from a denial of a habeas petition. The petition was based on an allegation of ineffective assistance of counsel. The alleged ineffectiveness was failing to advise Sparrow that there was allegedly insufficient evidence to support an 18 U.S.C. 924(c) charge prior to Sparrow pleading guilty to that charge. We held that there was sufficient evidence to support that charge, and therefore affirmed the district court's denial of Sparrow's habeas petition. *Sparrow*, 371 F.3d. at 854.

a firearm was possessed in furtherance of a drug crime to support a conviction under 18 U.S.C. § 924(c). Under Section 924(c), the mere presence of a gun is insufficient to establish the "in furtherance" element. "What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *Sparrow*, 371 F.3d at 853 (*quoting United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000)).

*Sparrow* listed certain nonexclusive factors that are relevant in making a determination of whether a firearm was possessed in furtherance of a drug crime. Those factors are:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Sparrow*, 371 F.3d at 853 (*quoting Ceballos-Torres*, 218 F.3d at 414-15). The Government does not need to prove all of these factors to support a Section 924(c) indictment – they are only a guide. *See id.*

In *Sparrow*, we noted that many of the *Ceballos-Torres* factors were satisfied. As a convicted felon, Sparrow was not permitted to possess a firearm; the firearm was loaded; the weapon was kept in the same floor compartment as the illegal drugs; and even though the firearm was not easily accessible, it was strategically located. Therefore, we

5

concluded that it was reasonable to assume that the firearm was possessed in furtherance of Sparrow's drug activities. *Id.* at 854.

Taliaferro, however, argues that *Sparrow* is distinguishable for several reasons. The first and most important challenge to the applicability of *Sparrow* is Taliaferro's argument that the evidence does not establish that the firearms were discovered in the same place as the drugs. This argument is foreclosed by the testimony of Officer Liciardello. Officer Liciardello testified that the firearms and the box containing the cocaine were seized from the same bedroom closet. Officer Liciardello also testified that the firearms and the box were both on a shelf within the closet. Crediting all available inferences in favor of the Government, *Gambone*, 314 F.3d 170, there is sufficient evidence to conclude that the drugs and firearms were discovered in close proximity to each other.

Taliaferro also argues that *Sparrow* is distinguishable because the firearms seized from his closet were not loaded. Taliaferro and his girlfriend both testified that they never kept the guns loaded because a child lived with them. Officer Liciardello testified, however, that all three firearms were loaded when they were discovered. Once again, we must credit all available inferences in favor of the Government. *Gambone*, 314 F.3d 170. Based on Officer Liaciardello's testimony, there is sufficient evidence to conclude that the guns were loaded when they were discovered.

In addition, Taliaferro asserts that we relied in *Sparrow* on the fact that the gun was found in the place where Sparrow routinely sold drugs. Taliaferro argues that since he did not sell drugs in his bedroom, *Sparrow* is inapplicable. In *Sparrow*, however, we did not specifically rely on the fact that the gun was found where drugs were sold. Instead, we relied heavily on the fact that the drugs and the gun were found together, i.e., that the gun was "strategically located" with the drugs. The logic of *Sparrow* applies with equal force to Taliaferro's case, where the firearms were strategically located in his bedroom closet adjacent to his stash of cocaine.

Finally, Taliaferro argues that *Sparrow* is distinguishable because unlike Sparrow, Taliaferro had a valid license to possess and carry a firearm. The fact that Sparrow possessed the gun illegally was a minor consideration in *Sparrow*, and this distinction does not render *Sparrow* inapplicable to this case. The fact that a defendant possessed a firearm pursuant to a valid license or permit does not in any way preclude a finding that the firearm was possessed in furtherance of a drug trafficking crime.

This case is identical to *Sparrow* in all important and relative aspects. *Sparrow*, thus, controls the outcome of this case.

Viewing the totality of the evidence and crediting all available inferences in favor of the Government, we find, based on our holding in *Sparrow,* that there is sufficient evidence to conclude that Taliaferro possessed the firearms at issue in Count 12 in furtherance of a drug trafficking offense.

7

As Taliaferro's conviction under 18 U.S.C. § 924(c) is supported by sufficient evidence, we will affirm the judgment of conviction and sentence.