

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2197

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Williams" (2006). 2006 Decisions. Paper 1445.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1445

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2197

———

UNITED STATES OF AMERICA

v.

CHRISTOPHER WILLIAMS,
a/k/a
SHAKY

Christopher Williams,

Appellant

———

ON APPEAL FROM FINAL JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 02-172-7)

District Judge: The Honorable Stewart Dalzell

———

Submitted pursuant to LAR 34.1(a)
on March 2, 2006.

Before: SLOVITER and FUENTES, Circuit Judges, and RESTANI, Judge[*]

(Filed: March 14, 2006)

———————————

———————

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

_____

Fuentes, Circuit Judge.

Christopher Williams ("Williams") appeals his conviction and sentence in a multi-defendant drug conspiracy case. He argues that there is insufficient evidence to support his conviction, and challenges his sentence under United States v. Booker, 534 U.S. 220 (2005). For the reasons set forth below, we affirm his conviction but remand his sentence in light of Booker.

I.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Williams was indicted, along with thirty-six co-defendants, in a 135-count third superseding indictment (the "Indictment") that charged him with conspiracy to distribute cocaine and cocaine base in violation of 18 U.S.C. § 846, one count of use of a telephone in furtherance of a drug crime in violation of 21 U.S.C. § 843, and two counts of use of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c). The District Court severed the defendants and conducted seven trials from January 2004 through July 2004. Williams was tried with four other defendants in January 2004. At the end of the trial, the jury found Williams guilty of conspiracy to distribute cocaine and cocaine base in violation of 18 U.S.C. § 846, and two counts of use of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c). The jury acquitted Williams of use of a telephone in furtherance of a drug crime

in violation of 21 U.S.C. § 843.

At sentencing, the District Court imposed a life sentence for the conspiracy charge, and two five- to thirty-year consecutive sentences for the firearm charges. The District Court amended the pre-sentence report to include a paragraph concerning Williams's involvement in the death of another drug dealer. The District Court then calculated Williams' base level by calculating the drug weight attributable to Williams and by cross-referencing the guidelines under § 2D1.1(d) of the United States Sentencing Guidelines (the "Sentencing Guidelines"), resulting in a base offense level of forty-three. The District Court then added three offense levels after determining that Williams served as a manager of the conspiracy, and two offense levels for obstruction of justice based on Williams's threats to witnesses, pursuant to §§ 3V1.1(b) and 3C1.1 of the Sentencing Guidelines. The District Court therefore determined his offense level to be forty-eight. By agreement of Williams's counsel and the Government, his criminal history category was IV. The District Court imposed a life sentence for the conspiracy charge, the statutory mandatory minimum consecutive five-year sentence for his first firearm charge, and the statutory mandatory minimum consecutive twenty-five-year sentence for his second firearm charge. Williams objected to the cross-reference to the Sentencing Guidelines section for murder, to the enhancement for a management role, and to the enhancement for obstruction of justice, but the District Court overruled the objections.

## II.

Williams argues that the evidence was insufficient to convict him of possession of

3

a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). In order to prove that Williams committed this crime, the Government was required to prove that Williams committed the crime of conspiracy to distribute a controlled substance and that, in furtherance of the conspiracy, he knowingly possessed a firearm, which advanced or helped forward the drug trafficking crime. See United States v. Sparrow, 351 F.3d 851, 853 (3d Cir. 2004). Williams does not dispute his involvement in a conspiracy to distribute a controlled substance, which was charged in a separate count and found by the jury beyond a reasonable doubt. Williams only disputes that there was sufficient evidence that he used a firearm in furtherance of the drug trafficking conspiracy.

In order to determine whether evidence is sufficient to support a conviction, "we must determine whether, viewing the evidence most favorably to the government, there is substantial evidence to support the jury's guilty verdict." United States v. Wexler, 838 F.2d 88, 90 (3d Cir. 1988) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). The "strict principles of deference to a jury's findings" compel us "to draw all reasonable inferences . . . in the government's favor." United States v. Ashfield, 735 F.2d 101, 106 (3d Cir. 1984). We must sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A claim of insufficiency of the evidence therefore places "a very heavy burden" on Williams. United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (citation omitted).

4

Williams has not met this burden. The Government presented ample evidence demonstrating Williams's possession of a firearm and use of the firearm in furtherance of the drug conspiracy. When Williams surrendered, police recovered over $2,643 in cash from him. (Appendix ("App.") at 461, 912-14.) When they seized the car he had been driving, the police also recovered a loaded nine millimeter pistol from the car, with an extended magazine holding twenty-three rounds of live ammunition. (Id. at 461-64, 912-14.) Several witnesses identified the pistol as one Williams carried with him constantly during the course of the drug trafficking conspiracy. (Id. at 372, 627-30, 878-79.) A police ballistician tied the pistol to shell casings recovered from a shooting of rival drug dealers. (Id. at 523-24, 955-56.) The Government also presented evidence that, after his arrest, Williams told others that he left the gun in the car with the money from a drug sale he had just made. (Id. at 912-14.)

This evidence supports the Government's argument that Williams carried the gun in the course of his participation in the drug conspiracy and used it to shoot rival drug dealers. It is clear that a reasonable juror, presented with this evidence, could have found that Williams used his firearm in furtherance of his participation in the drug conspiracy. We therefore affirm the conviction.

III.

Williams also argues that his sentence should be remanded for resentencing pursuant to Booker. We agree. It is undisputed that the District Court, in determining Williams's sentence, treated the Sentencing Guidelines as mandatory rather than

5

advisory.  Williams is therefore entitled to resentencing pursuant to <u>United States v. Davis</u>, 407 F.3d 162, 165 (3d Cir. 2005).  We will therefore vacate Williams's sentence and remand for resentencing consistent with <u>Booker</u>.

IV.

For the reasons stated above, we affirm the conviction, and we vacate the sentence and remand for resentencing pursuant to <u>Booker</u>.