

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# USA v. Beckford

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Beckford" (2006). *2006 Decisions.* Paper 1249.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1249

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 05-2183

_____

UNITED STATES OF AMERICA,


v.

CLIFFORD BECKFORD,

Appellant

_____

On Appeal from a Final Judgment of Conviction and Sentence of the United States
District Court for the District of New Jersey
(D.N.J. Criminal No. 04-601)
District Judge: Hon. Garrett E. Brown

_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2006

BEFORE: SLOVITER, AMBRO, and MICHEL,[*] Circuit Judges.

(Opinion filed   April 19, 2006 )

_____

OPINION

_____

MICHEL, Circuit Judge.

_____

[*] Honorable Paul R. Michel, Chief Judge, United States
Court of Appeals for the Federal Circuit, sitting by
designation.

Clifford Beckford appeals both his conviction on one of two counts and his sentence in an April 19, 2005 judgment by Judge Garrett E. Brown of the United States District Court for the District of New Jersey. For the reasons given below, we affirm the district court's judgment.

## BACKGROUND

Between approximately October 2002 and September 2003, Clifford Beckford participated in a marijuana distribution conspiracy involving over 100 kilograms of marijuana. In this conspiracy, Beckford was an organizer and leader of at least five other individuals who transported marijuana and money on Beckford's behalf. In September 2003, Beckford was arrested.

During searches of his and his girlfriend's homes and his car, approximately eight guns were located throughout both homes, including in nightstands, in dressers, under beds, and in his car. Of particular significance were four firearms listed in the Superseding Indictment, including "one Ruger, Model Super Red Hawk, .480 caliber semi-automatic handgun, serial number 55207768." During the jury trial, testimony by a co-conspirator and wiretap evidence established that Beckford used these weapons to advance his marijuana distribution by using the firearms to intimidate other dealers, sellers, and suppliers and to protect himself during drug transactions and his drugs and drug profits.

According to testimony of his co-conspirator Gevin Morris, in August 2003 Beckford used the Ruger .480 caliber handgun to intimidate a seller. Beckford argued with a man

2

known as "Flako," a marijuana seller. Flako claimed that he had "misplaced" some marijuana owned by Beckford. According to Morris, Beckford told Flako that he was going home to get his "tool," he went back to his apartment to retrieve a gun, and he returned to Flako's apartment to threaten him with the "tool." When Beckford returned with the gun, Flako "found" the marijuana. Morris testified that he understood the term "tool" to refer specifically to the Ruger .480 caliber handgun.

Moreover, Beckford used the Ruger to protect himself during his drug transactions. In a wiretapped conversation, Beckford stated that he traveled "strapped up." Morris testified that "strapped up" refers to arming oneself with a gun. For example, one night Beckford traveled from New Jersey to Delaware for a drug transaction. In a wiretapped conversation with Morris, Beckford related that "it was Delaware I was in last night. . . . I even brought in the heavy, the heavy duty equipment. . . . The tall up, the tall up, the real tall up." Morris testified that "heavy duty" and "tall up" referred to the Ruger .480 caliber handgun because of its large size.

In August 2004, a grand jury returned an Indictment charging Beckford with "knowingly and intentionally conspir[ing] and agree[ing] with . . . others to distribute and possess with intent to distribute more than 100 kilograms of marijuana. . . ." In September 2004, a grand jury returned a Superseding Indictment, adding a second count, namely, "knowingly and willfully possess[ing] firearms" "in furtherance of a drug trafficking crime." The Superseding Indictment listed the four firearms discussed above. In addition to the

second count, the Superseding Indictment also contained a Supplemental Allegation that

Beckford was a "supervisor of a criminal activity."[1]

Upon conclusion of the seven-day jury trial, on December 17, 2004, the jury found

Beckford guilty on both counts.  Also on December 17, 2004, in a Supplemental Facts

Verdict Form, the jury found that: (1) Beckford had an "aggravating role in the offense" as

an "organizer or leader of a criminal activity" and (2) Beckford "obstructed or impeded the

administration of justice."  On December 29, 2004, Beckford filed a Motion for Judgment

of Acquittal, or in the Alternative, for New Trial.[2]  In February 2005, the trial judge denied

Beckford's motion.[3]

In April 2005, Judge Brown sentenced Beckford to 200 months imprisonment, 140

months for conspiracy and 60 months for possession of firearms.  At the sentencing hearing,

the judge stated that the "offense level [was] 32, . . . giv[ing] us a range of 181 to 211

months."  In determining the sentence within that range, the court considered the

Supplemental Facts found by the jury, namely, that Beckford was a "leader, organizer, and

---

[1]In October 2004, a grand jury returned a Second Superseding
Indictment that removed Simone Williams from the Indictment.
The charges against Beckford remained the same.

[2]Because Beckford's Motion for Judgment of Acquittal is not
provided in the record submitted on appeal, its basis is unknown.

[3]The Order Denying Defense Motions for Judgment of
Acquittal, or in the Alternative, for New Trial stated that "for the
reasons set forth on the record this date both of the above motions
are denied."  A hearing on this motion was held in February 2005.
A transcript of the hearing was not provided in the record
submitted on appeal.

manager of a conspiracy. . ., and . . . obstructed justice . . . as found by the jury. All of these are considered in the guideline range." Because of these factors, the court saw "no reason . . . to go below the guideline range." Indeed, the court opined that these factors "argue toward the upper end of the range." Yet the court "impose[d] a sentence . . . of 200 months," which it deemed "adequate."

Beckford appeals the conviction on count two. He challenges the denial of his motion for judgment of acquittal,[4] arguing that no rational juror could have found beyond a reasonable doubt that Beckford was guilty of firearms possession in furtherance of a drug trafficking crime because: (1) the prosecution "failed to sufficiently identify" the specific firearm that was used in furtherance of a drug trafficking crime; and (2) the firearms in question were not used "in furtherance of" the drug trafficking crime, within the meaning of the relevant statute. Beckford also argues that the court erred by allowing the jury to render a finding of Supplemental Facts that the judge later used to determine the appropriate sentence within the suggested sentence range.

Because we agree that a rational juror could have found beyond a reasonable doubt that Beckford possessed firearms in furtherance of a drug trafficking crime, we affirm his

---

[4]In the Statement of the Issues, Beckford posits that the issue is "[w]hether the district court erroneously denied Mr. Beckford's motions for judgment of acquittal on Count II of the Second Superseding Indictment. . . ." In the Summary of Argument, he states that he "contends that there was insufficient evidence to support the jury's guilty verdict on Count II of the Second Superseding Indictment. . . . Accordingly, the court should reverse the jury's verdict and enter a judgment of acquittal. . . ."

5

conviction on this count, upholding the denial of Beckford's motion for judgment of acquittal. Moreover, because the judge did not err by using the jury's findings of Supplemental Facts to determine the appropriate sentence, we affirm the sentence.

DISCUSSION

A

The government contends that it did identify at least one specific firearm used in furtherance of the crime, namely, the Ruger. Moreover, the government asserts that the firearms were used "in furtherance of" the crime within the relevant statutory meaning because they were used to advance the conspiracy. Proximity, the government maintains, is not necessary to establish use in furtherance of the crime. We agree with the government.

Wiretapped conversations of Beckford and testimony of Gevin Morris established that Beckford used the Ruger to intimidate suppliers, including Flako. Similarly, the government presented evidence that Beckford used the Ruger specifically to protect himself during drug transactions, his drugs, and his drug profits. In a wiretapped conversation regarding a trip from New Jersey to Delaware for a drug transaction, Beckford told Morris that he used what was found to be the Ruger .480 caliber handgun.

Identification of the Ruger alone is sufficient to support conviction. Specific identification of the remaining three listed firearms is not necessary. United States v. Carlos-Cruz, 352 F.3d 499, 509 (1st Cir. 2003) (holding that a conviction of possession of firearms in furtherance of a crime in which use of multiple firearms is alleged must be affirmed if the

6

evidence is sufficient only as to one of the firearms). Viewing the testimonial and wiretapping evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could indeed have found beyond a reasonable doubt that Beckford used the Ruger specifically in furtherance of the crime.

B

Moreover, Beckford used the Ruger "in furtherance of" the drug trafficking crime within the relevant statutory meaning. As interpreted by this Court, the "in furtherance of" requirement of 18 U.S.C. § 924(c)(1)(A) is met if "possession of the firearm advanced or helped forward a drug trafficking crime." United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004). The intimidation of Flako with the Ruger helped Beckford retrieve his "misplaced" marijuana, which advanced the conspiracy to distribute and possess with intent to distribute. Traveling to Delaware with the Ruger helped Beckford protect himself, his drugs, and his drug profits during that drug transaction.

True, the Sparrow court listed many factors for determining whether a firearm was used in furtherance of the crime, including:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

Id. at 853. Yet the Sparrow court cautioned that these factors are "nonexclusive" and are not "legal requirement[s] for a § 924(c) conviction." Id. Beckford argues that he did not use the Ruger in furtherance of the crime simply because of the lack of proximity between the Ruger

7

and the drugs or drug profits. His argument fails for two reasons.

First, his argument ignores the fact that this list is nonexclusive. Second, the cases that Beckford cites, with one exception, found liability under section 924(c).[5] In Sparrow, such liability was found in part due to proximity of the firearm to the drug paraphernalia and cash. Bressi v. United States, 2001 WL 395289 (E.D. Pa. 2001) found liability because the firearm was located in a safe with drugs, drug packaging materials, and cash, finding "close proximity" of the firearm to the drugs and "read[y] accessib[ility]" of the firearm. Beckford futilely suggests that, because these cases based liability in part on close proximity of the firearm to the drugs, Beckford cannot be found liable merely because his case lacks such proximity. This is illogical. Simply because other cases find liability based substantially on one factor of many, it does not follow that lack of that one factor precludes liability based on other factors.

### C

Finally, Beckford challenges the trial court's use of the fact-findings by the jury. According to Beckford, these findings are "tantamount to elements of criminal charges that must be included in an indictment and proven to a jury, beyond a reasonable doubt." Beckford asserts that, because the jury should not have been allowed to consider those Supplemental Allegations contained in the Superseding Indictment, we should "reverse the

---

[5]The exception was United States v. Iiland, 254 F.3d 1264 (10th Cir. 2001), which is distinguishable from this case because there the co-conspirator testimony and wiretap evidence that the firearm "advanced" the crime was missing.

8

jury's findings on those charges." The government responds that they were not additional charges, but were merely factors to be used during sentencing. Moreover, according to the government, the judge was within his discretion to use the jury as fact-finder as to these Supplemental Allegations, rather than find these facts himself. Finally, the government states that any error was harmless, as under the current sentencing guidelines, the judge has discretion to but need not consider such Supplemental Allegations himself. We agree with the government.

In United States v. Booker, the Supreme Court held that "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 224 (2005). The relevant Sentencing Guidelines are U.S.S.G. §§ 3B1.1 and 3C1.1. Section 3B1.1, "Aggravating Role," provides: "If the defendant was an organizer or leader of a criminal activity[,] . . . increase by 4 levels." U.S.S.G. § 3B1.1. Section 3C1.1, "Obstructing or Impeding the Administration of Justice," can "increase the offense level by 2 levels." U.S.S.G. § 3C1.1. Here, the judge did what Booker instructed – he consulted sections 3B1.1 and 3C1.1 of the Guidelines. Beckford does not cite a single case holding that the judge may not ask the jury to assume the role of fact-finder as to the facts to be used in sentencing, rather than assume the role of fact-finder himself.

Beckford asserts that the government "improperly deprived [him] of his constitutional right to notice by indictment when it utilized the sentencing guideline without notifying

9

[him]. . . ." (Emphasis added.) For support, Beckford relies on Jones v. United States, which held that "an element of an offense . . . must be charged in the indictment. . . ." 526 U.S. 227, 232 (1999) (emphasis added). This argument confuses a sentencing guideline and an element of an offense. Beckford cites no case law that holds that the facts used in sentencing must be noticed in an indictment.

Beckford next asserts that the sentencing guidelines used in this case, sections 3B1.1 and 3C1.1, are "tantamount to elements of criminal charges that must be included in an indictment" because the facts "expose [him] to an elevated maximum sentence." This is illogical.

Beckford further relies on Jones to argue that the factors in the sentencing guidelines should be treated as elements of an offense rather than sentencing factors because the additional elements in the statute in Jones were. This argument fails because the statute at issue in Jones is dissimilar. The statutes at issue here do not contain the factors at issue. Moreover, "[a]n indictment . . . need not set forth factors relevant only to the sentencing. . . ." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998).

Finally, the Supseding Indictment did allege that Beckford was a "supervisor of a criminal activity." Thus, Beckford was given notice.

Regarding the finding that Beckford "obstructed . . . justice," Beckford failed to object at sentencing. Consequently, we review the use of this factor in sentencing for plain error only. United States v. Thorton, 306 F.3d 1355, 1357 (3d Cir. 2002). Because Beckford

points to no legal error, as discussed above, and this is a proper sentencing consideration under section 3C1.1, we do not see plain error.

For the foregoing reasons, we affirm the judgment of conviction and the sentence of the trial court in all respects challenged.