

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2002

# USA v. Morgan

Precedential or Non-Precedential:

Docket 01-2016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Morgan" (2002). *2002 Decisions.* Paper 228.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2016


UNITED STATES OF AMERICA

v.

ANTHONY EDWARD MORGAN,
a/k/a DANGER


Anthony Edward Morgan,

Appellant



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00375)
District Judge: Honorable Franklin S. VanAntwerpen


Argued on February 25, 2002


Before: ROTH and FUENTES, Circuit Judges
GIBSON*, Circuit Judge

(Opinion filed March 29, 2002)


     * Honorable John R. Gibson, Senior Circuit Court Judge for the Eighth Circuit,
sitting by designation.


OPINION


ROTH, Circuit Judge:

     Appellant, Anthony Edward Morgan, appeals his conviction of one count of
possession with intent to distribute crack cocaine in violation of 21 U.S.C.  841(a), two
counts of possession of a firearm in furtherance of a drug trafficking crime in violation of
18 U.S.C.  924(c)(1), and one count of possession of a firearm by an illegal alien in
violation of 18 U.S.C.  922(g)(5).  Morgan was sentenced to 217 months imprisonment
with a mandatory term of 5 years supervised release.  Morgan raises two issues in his
appeal:  (1) His Fourth Amendment rights were violated when the District Court refused
to grant suppression of the evidence seized from his apartment, and (2) the seized
evidence was insufficient to support a guilty verdict that he used the firearms in
furtherance of a drug trafficking crime pursuant to 18 U.S.C.  924(c).
     We have appellate jurisdiction pursuant to 28 U.S.C.  1291.  We exercise de novo
review over suppression issues.  Ornelas v. United States, 517 U.S. 690, 694 (1996).  For

the following reasons, we will affirm the judgment of the District Court.

On the first issue, the violation of Morgan's Fourth Amendment rights, he contends that the police officers illegally entered his home without having sufficient probable cause or the necessary exigent circumstances. The Fourth Amendment prohibits unreasonable searches and seizures. A search is reasonable if it is conducted pursuant to probable cause. Wong Sun v. United States, 371 U.S. 471, 479 (1963). However, a warrantless search may be conducted when both probable cause and exigent circumstances exist pursuant to the Fourth Amendment. See McDonald v. United States, 335 U.S. 451, 456 (1948). Exigent circumstances exist when (1) evidence is in imminent danger of destruction, see Cupp v. Murphy, 412 U.S. 291, 294-296 (1973), Schmerber v. California, 384 U.S. 757, 770-71 (1996), Ker v. California, 374 U.S. 23, 41-42 (1963); (2) the safety of either law enforcement or the general public is threatened, see Warden v. Hayden, 387 U.S. 294, 298-299 (1967); (3) the police are in hot pursuit of a suspect, see United States v. Santana, 427 U.S. 38, 42-43; or (4) a suspect is likely to flee before officers can obtain a warrant. See Minnesota v. Olson, 495 U.S. 91, 100 (1990). Exigent circumstances are determined by reviewing the objective facts reasonably known to the officers at the time of the search using the totality of the circumstances facing the officers when the search was performed. See e.g., United States v. Sculco, 82 F. Supp. 2d 410, 417 (E.D. Pa. 2000), Illinois v. Gates, 462 U.S. 213, 232 (1983).

The District Court found that probable cause clearly existed to search Morgan's apartment. Two policemen on the scene saw three men emerge from a breeze way between houses, cross a street, and then one of the men entered the front of a building while the other two climbed the fire escape on the back of the building and entered a third-story window. The District Court found that this factual sequence alone was enough to raise the suspicion in the minds of the experienced officers that criminal activity was taking place.

There was more, however. The officers climbed the fire escape and noticed that both third story windows were closed and covered to prevent anyone from seeing inside. The officers knocked on the window and announced their presence. A towel covering one of the windows moved and then moved back again to cover the window. No one responded to the officers. One of the officers, after trying the front door and finding it locked, returned to the rear fire escape and climbed into the vacant second floor apartment. Once inside, he heard the movement of people and the repeated flushing of a toilet, coming from the third-floor. The officer believed that evidence of criminal activity was probably being destroyed in the toilet.

At this point, the officers believed that exigent circumstances were present. They climbed the stairs and entered the third floor apartment through an open doorway. Three men exited from the apartment onto the fire escape into the arms of another waiting officer. The officers conducted a protective sweep of the apartment and found marijuana, scales, and packaging materials in plain view.

The officers then obtained a search warrant and conducted a thorough search, which uncovered crack cocaine and a .25 caliber Raven Arms firearm together in a drop ceiling, a short-barreled shotgun in another section of the drop ceiling, a revolver on a closet shelf, ammunition, currency, baggies, scales, cellular phones, and other drug paraphernalia.

On the basis of all this, the District Court found that the officers actions were proper under the Fourth Amendment. We agree.

The second issue is whether there was sufficient evidence to support Morgan's conviction of possession of firearms in furtherance of a drug trafficking crime. Morgan was convicted under 18 U.S.C. 924(c) which states that anyone "who, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" receive an enhanced punishment. Morgan contends that under United States v. Bailey, 516 U.S. 143 (1995), "the inert presence of a firearm, without more, is not enough to trigger a 924(c) violation." Morgan points out that he did not use or carry the firearm and that he was not present when it was found in the apartment.

Section 924 (c) was amended after Bailey to add the act of possession as an act that, if done in furtherance of a violent or drug trafficking crime, violates the statute. Morgan's Bailey argument is not, therefore, convincing. Here, three firearms were found in Morgan's apartment where substantial amounts of illegal drugs were also found. Such

propinquity supports the conclusion that the firearms were intended to be used for the furtherance of the illegal drug trafficking.  We find, therefore, that there was sufficient evidence to warrant the jury's guilty verdict.

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,



/s/ Jane R. Roth
Circuit Judge




NOT


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT



No. 01-2016



UNITED STATES OF AMERICA

v.

ANTHONY EDWARD MORGAN,
a/k/a DANGER


Anthony Edward Morgan,

Appellant



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00375)
District Judge: Honorable Franklin S. VanAntwerpen



Argued on February 25, 2002



Before: ROTH and FUENTES, Circuit Judges
GIBSON*, Circuit Judge

* Honorable John R. Gibson, Senior Circuit Court Judge for the Eighth Circuit, sitting by designation.

OPINION

ROTH, Circuit Judge:

Appellant, Anthony Edward Morgan, appeals his conviction of one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. 841(a), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1), and one count of possession of a firearm by an illegal alien in violation of 18 U.S.C. 922(g)(5). Morgan was sentenced to 217 months imprisonment with a mandatory term of 5 years supervised release. Morgan raises two issues in his appeal: (1) His Fourth Amendment rights were violated when the District Court refused to grant suppression of the evidence seized from his apartment, and (2) the seized evidence was insufficient to support a guilty verdict that he used the firearms in furtherance of a drug trafficking crime pursuant to 18 U.S.C. 924(c).

We have appellate jurisdiction pursuant to 28 U.S.C. 1291. We exercise de novo review over suppression issues. Ornelas v. United States, 517 U.S. 690, 694 (1996). For the following reasons, we will affirm the judgment of the District Court.

On the first issue, the violation of Morgan's Fourth Amendment rights, he contends that the police officers illegally entered his home without having sufficient probable cause or the necessary exigent circumstances. The Fourth Amendment prohibits unreasonable searches and seizures. A search is reasonable if it is conducted pursuant to probable cause. Wong Sun v. United States, 371 U.S. 471, 479 (1963). However, a warrantless search may be conducted when both probable cause and exigent circumstances exist pursuant to the Fourth Amendment. See McDonald v. United States, 335 U.S. 451, 456 (1948). Exigent circumstances exist when (1) evidence is in imminent danger of destruction, see Cupp v. Murphy, 412 U.S. 291, 294-296 (1973), Schmerber v. California, 384 U.S. 757, 770-71 (1996), Ker v. California, 374 U.S. 23, 41-42 (1963); (2) the safety of either law enforcement or the general public is threatened, see Warden v. Hayden, 387 U.S. 294, 298-299 (1967); (3) the police are in hot pursuit of a suspect, see United States v. Santana, 427 U.S. 38, 42-43; or (4) a suspect is likely to flee before officers can obtain a warrant. See Minnesota v. Olson, 495 U.S. 91, 100 (1990). Exigent circumstances are determined by reviewing the objective facts reasonably known to the officers at the time of the search using the totality of the circumstances facing the officers when the search was performed. See e.g., United States v. Sculco, 82 F. Supp. 2d 410, 417 (E.D. Pa. 2000), Illinois v. Gates, 462 U.S. 213, 232 (1983).

The District Court found that probable cause clearly existed to search Morgan's apartment. Two policemen on the scene saw three men emerge from a breeze way between houses, cross a street, and then one of the men entered the front of a building while the other two climbed the fire escape on the back of the building and entered a third-story window. The District Court found that this factual sequence alone was enough to raise the suspicion in the minds of the experienced officers that criminal activity was taking place.

There was more, however. The officers climbed the fire escape and noticed that both third story windows were closed and covered to prevent anyone from seeing inside. The officers knocked on the window and announced their presence. A towel covering one of the windows moved and then moved back again to cover the window. No one responded to the officers. One of the officers, after trying the front door and finding it locked, returned to the rear fire escape and climbed into the vacant second floor apartment. Once inside, he heard the movement of people and the repeated flushing of a toilet, coming from the third-floor. The officer believed that evidence of criminal activity

was probably being destroyed in the toilet.

At this point, the officers believed that exigent circumstances were present. They climbed the stairs and entered the third floor apartment through an open doorway. Three men exited from the apartment onto the fire escape into the arms of another waiting officer. The officers conducted a protective sweep of the apartment and found marijuana, scales, and packaging materials in plain view.

The officers then obtained a search warrant and conducted a thorough search, which uncovered crack cocaine and a .25 caliber Raven Arms firearm together in a drop ceiling, a short-barreled shotgun in another section of the drop ceiling, a revolver on a closet shelf, ammunition, currency, baggies, scales, cellular phones, and other drug paraphernalia.

On the basis of all this, the District Court found that the officers actions were proper under the Fourth Amendment. We agree.

The second issue is whether there was sufficient evidence to support Morgan's conviction of possession of firearms in furtherance of a drug trafficking crime. Morgan was convicted under 18 U.S.C. 924(c) which states that anyone "who, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" receive an enhanced punishment. Morgan contends that under United States v. Bailey, 516 U.S. 143 (1995), "the inert presence of a firearm, without more, is not enough to trigger a 924(c) violation." Morgan points out that he did not use or carry the firearm and that he was not present when it was found in the apartment.

Section 924 (c) was amended after Bailey to add the act of possession as an act that, if done in furtherance of a violent or drug trafficking crime, violates the statute. Morgan's Bailey argument is not, therefore, convincing. Here, three firearms were found in Morgan's apartment where substantial amounts of illegal drugs were also found. Such propinquity supports the conclusion that the firearms were intended to be used for the furtherance of the illegal drug trafficking. We find, therefore, that there was sufficient evidence to warrant the jury's guilty verdict.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge