

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2004

# USA v. Sparrow

Precedential or Non-Precedential: Precedential

Docket No. 02-3571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Sparrow" (2004). *2004 Decisions.* Paper 555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-3571

———————

UNITED STATES OF AMERICA

v.

GAYLORD SPARROW,

Appellant

———————

On Appeal from the
United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal Action No. 99-cr-00290
(Honorable Harvey Bartle, III)

———————

Submitted Under Third Circuit LAR
34.1(a)
March 23, 2004

Before: ROTH, AMBRO, and
CHERTOFF, Circuit Judges

(Opinion filed  June 15, 2004 )

Stephen J. Binhak, Esq.
3103 Philmont Avenue
Huntingdon Valley, PA  19006

*Attorney for Appellant*

Patrick L. Meehan
United States Attorney
Laurie Magid
Deputy United States Attorney
Emily McKillip
Assistant United States Attorney
Judy Goldstein Smith
Assistant United States Attorney
615 Chestnut Street
Philadelphia, PA   19106

*Attorneys for Appellee*

———————

OPINION OF THE COURT

———————

AMBRO, Circuit Judge

Gaylord Sparrow seeks a writ of *habeas corpus* in regard to his conviction and sentence under 18 U.S.C. § 924(c) — possession of a firearm in furtherance of a drug trafficking crime. He argues that the facts of the case do not support his conviction. We disagree and affirm the District Court's decision to deny his *habeas* petition.

**I. Factual and Procedural Background**

Sparrow sold marijuana out of a convenience store on Chew Avenue in Philadelphia. Acting on complaints from citizens, the Philadelphia police conducted surveillance on the store. A search warrant was obtained and executed in March 1999. During the search, police found a concealed compartment under the floor tiles behind the counter. The compartment contained nine large Ziploc bags of marijuana, $140 in cash and a

loaded Jennings .22 caliber pistol.[1] In addition, a key to the store was found in Sparrow's pocket, and he was the only tenant on the lease. Sparrow admitted possession of the gun. He now alleges, however, that the police had to pry the floor tiles up with a crowbar to gain access to this compartment.

After spending ten months as a fugitive, Sparrow ultimately was apprehended and pled guilty to: (1) one count of distribution of marijuana and one count of possession with intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1); (2) two counts of being a felon in possession of a firearm, 18 U.S.C. § 922(g); and (3) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). The District Court imposed a sentence of sixty months imprisonment for the distribution and felon in possession counts and a consecutive sixty-month sentence for the § 924(c) count. Sparrow appealed his sentence (on an issue unrelated to his current petition) and we affirmed the judgment of the District Court in July 2001.

Sparrow then filed a petition for a writ of *habeas corpus* pursuant to

28 U.S.C. § 2255, alleging ineffective assistance of counsel. He argues that the facts established in the plea agreement and hearing were insufficient to sustain his § 924(c) conviction. Therefore, he contends it was error for counsel to permit him to plead guilty to this count. The District Court denied Sparrow's petition and his request for a certificate of appealability. We granted the request for a certificate of appealability on "whether the facts of the case support a conviction for possession of a gun in furtherance of a drug trafficking crime."[2]

## II. Standard of Review

To the extent this case turns on statutory interpretation, such as the legal requirements for proving a § 924(c) conviction, we exercise plenary review. United States v. Cepero, 224 F.3d 256, 258 (3d Cir. 2000) (en banc); see also United States v. Mackey, 265 F.3d 457, 460 (6th Cir. 2001) (discussing § 924(c)). Whether Sparrow's possession of a firearm was in furtherance of his drug trafficking activities, however, is a sufficiency of the evidence question. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002), cert. denied, 537 U.S. 1031 (2002); United States v. Ceballos-Torres, 218 F.3d 409, 411 (5th Cir. 2000). Therefore, we examine the "totality of the evidence, both direct and circumstantial," and must credit "all available inferences in favor of the government." United States v. Gambone,

---

[1] While not relevant to the resolution of this case, the search also uncovered the following: (1) two large bags of marijuana and forty dollars on the store counter-top, and (2) thirty-one large bags of marijuana, fifty-seven small packets of marijuana and a scale above the steps leading to the cellar.

[2] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

314 F.3d 163, 170 (3d Cir. 2003) (citations omitted), <u>cert.</u> <u>denied</u>, 124 S. Ct. 67 (2003).

### III. Analysis

Sparrow argues that possession of the loaded pistol was not in furtherance of his drug trafficking crimes because an insufficient factual nexus exists between the two. Although our Court has not decided this issue in a precedential opinion[3], the facts of this case and a review of relevant case law satisfy us that the evidence supports Sparrow's conviction.

Under § 924(c), the "mere presence" of a gun is not enough. "What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." <u>Ceballos-Torres</u>, 218 F.3d at 414; <u>see</u> <u>also</u> <u>Mackey</u>, 265 F.3d at 462 (stating "that the possession of a firearm on the same premises as a drug transaction would not, without a showing of connection between the two, sustain a § 924(c) conviction"). Put another way, the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime. <u>Lomax</u>, 293 F.3d at 705; <u>Ceballos-Torres</u>, 218 F.3d at 414. In making this determination, the following nonexclusive factors are relevant:

the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

<u>Id.</u> at 414-15; <u>see</u> <u>also</u> <u>Lomax</u>, 293 F.3d at 705; <u>United States v. Timmons</u>, 283 F.3d 1246, 1253 (11th Cir. 2002), <u>cert.</u> <u>denied</u>, 537 U.S. 1004 (2002); <u>Mackey</u>, 265 F.3d at 462.

Sparrow's argument is premised on the fact that the pistol was found underneath the floor tiles. Because (according to Sparrow) the police needed a crowbar to gain access to the secret compartment, the firearm could not have been in furtherance of his drug trafficking activities. <u>See</u> <u>Mackey</u>, 265 F.3d at 462 (stating "the firearm must be strategically located so that it is quickly and easily available for use" (citation omitted)); <u>United States v. Lawrence</u>, 308 F.3d 623, 630 (6th Cir. 2002) (reversing § 924(c) conviction when firearm was found unloaded, in a cupboard and "wrapped in the same newspaper in which it was covered at the time of delivery"); <u>United States v. Iiland</u>, 254 F.3d 1264, 1274 (10th Cir. 2001) (reversing conviction because the Government produced "no evidence that the gun and drugs were ever kept in the same place or that [the defendant] ever

---

[3] We did address it, however, in a not precedential opinion–<u>United States v. Morgan</u>, 33 Fed. Appx. 603 (3d Cir. 2002).

3

kept the gun accessible when conducting drug transactions").

While the location of a firearm is admittedly relevant, immediate accessibility at the time of search or arrest is not a legal requirement for a § 924(c) conviction. The only court to state or imply this is Mackey, but its statement must be analyzed in context. See 265 F.3d at 462 (stating that accessibility and the Ceballos-Torres factors merely help "to distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard"). Even the Sixth Circuit does not interpret its Mackey decision as requiring immediate accessibility. United States v. Nance, 40 Fed. Appx. 59, 66 (6th Cir. 2002) ("*One way* to demonstrate 'possession in furtherance' is by showing the guns were strategically located for quick and easy use. The Mackey court also recognized as helpful the [Ceballos-Torres] factors . . . ." (emphasis added) (citations omitted)), cert. denied, 537 U.S. 989 (2002).

In fact, a number of courts have upheld § 924(c) convictions when the firearm in question was not easily or immediately accessible. See United States v. Garner, 338 F.3d 78, 80-81 (1st Cir. 2003) (affirming conviction when firearms and drugs were found in a hole in a wall of a building's common basement and the defendant was selling drugs out of an apartment in the building), cert. denied, 124 S. Ct. 948 (2003); United States v. Luciano, 329 F.3d 1, 3-6 (1st Cir. 2003) (affirming conviction when a firearm and drugs were found in a ceiling crawlspace, requiring the agent to stand on a chair and climb into the crawlspace); Morgan, 33 Fed. Appx. at 605-606 (affirming conviction when firearms and drugs were found together in a drop ceiling while the defendant was away from his apartment); Bressi v. United States, No. Civ. A. 01-407, 2001 WL 395289 (E.D. Pa. Apr. 5, 2001) (denying a *habeas* petition when a firearm and drugs were found in a locked safe).

Examining the facts of the case, many of the Ceballos-Torres factors are satisfied. As a prior felon, Sparrow may not legally possess a firearm. In addition, the firearm in question was loaded, found in a public store and kept in the same floor compartment as nine large Ziploc bags of marijuana and $140 in cash. Even assuming (as Sparrow claims) the firearm was not easily accessible, it was strategically located. The gun was placed so that it would be immediately available for Sparrow's protection whenever he retrieved drugs or money from the floor compartment. Therefore, it is reasonable to assume the firearm was placed in the floor compartment for that purpose and was possessed in furtherance of Sparrow's drug activities.

\* \* \* \* \*

In this context, sufficient evidence exists to support Sparrow's § 924(c) conviction. As such, his attorney's advice to plead guilty does not constitute ineffective assistance of counsel. His petition for a writ of *habeas corpus* is

4

denied and the District Court's decision is affirmed.