**UNITED STATES of America**

v.

**Donte T. BROOKS, Appellant.**

**No. 06–4777.**

United States Court of Appeals, Third Circuit.

Argued Feb. 4, 2008.

Opinion filed: April 2, 2008.

James V. Wade, Federal Public Defender, Ronald A. Krauss (Argued), Assistant Federal Public Defender—Appeals, Office of the Federal Public Defender, Harrisburg, PA, for Appellant.

Thomas A. Marino, United States Attorney, Theodore B. Smith, III (Argued), Assistant United States Attorney Chief, Criminal Appeals, United States Attorney's Office, Harrisburg, PA, for Appellee.

Before: McKEE and AMBRO, Circuit Judges, and IRENAS,* District Judge.

## OPINION

AMBRO, Circuit Judge.

Donte Brooks pled guilty to one charge of conspiracy to distribute cocaine base (known colloquially as crack) under 21 U.S.C. § 846. He received a sentence of 51 months, the bottom of the federal Sen-

tencing Guidelines range. Brooks appeals to our Court, arguing that the District Court erred in calculating his sentence.[1] We affirm the District Court's decision.

## I. Background

Brooks became involved in an illegal drug operation run by his cousin and uncle. As part of this, he accompanied his cousin on four trips to transport crack cocaine from Philadelphia to Williamsport, Pennsylvania. On the fourth trip, after two confidential informants separately purchased crack cocaine from his cousin, police obtained a search warrant for the residence at which the sales took place. There they discovered several packages of both crack and marijuana. In the bedroom, for instance, a pair of jeans contained 12.7 grams of crack in the pocket. Police found Brooks in a bathroom, where $704 in cash and 5.6 grams of crack (packaged in small plastic bags) had been stashed in the ceiling. Police also found a loaded .38 special revolver, registered in Brooks's name, in a bedroom dresser drawer.

The Government charged Brooks with conspiracy to distribute crack cocaine under 21 U.S.C. § 846 (the conspiracy provision), with reference to the underlying crime defined in 21 U.S.C. § 841(a)(1) (prohibiting distribution of controlled substances). The conspiracy charge is a felony with a maximum sentence of 20 years in

---

* Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

1. In his opening brief, Brooks also argued that the District Court should have varied from the Guidelines' sentencing range in light of the difference in punishment for distributing crack as opposed to powder cocaine. But he withdrew this claim at oral argument, choosing instead to file a motion under 18 U.S.C. § 3852(c)(2) to take advantage of the U.S. Sentencing Commission's recent deci-

sion under 28 U.S.C. § 994(*o*) to make a two-level reduction in the penalties for crack cocaine retroactive. As of March 3, 2008, Brooks may pursue a reduction in his sentence in the District Court on that ground. *See* U.S. Sentencing Guidelines Manual app. C at 55–56 (Supp. March 3, 2008 to Supp. 2007), *available at* http://www.ussc.gov/2007guid/20080303_Supplement_to_2007_Guidelines.pdf (last visited Mar. 17, 2008).

prison and with no mandatory minimum. Although he pled guilty, Brooks challenges his sentence on appeal.

Four factors shaped Brooks's sentencing range under the Guideline s.[2] First, the Government supported a stipulation that the amount of crack involved was at least 5 grams but less than 20 grams—despite the greater quantity of drugs that was present in the residence at which Brooks was arrested. This set the base offense level at 26. *See* U.S.S.G. § 2D1.1(c)(7). Second, his possession of a firearm in connection with the crime resulted in a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). Third, Brooks played something between a "minimal" and a "minor" role in the offense, resulting in a three-level reduction under U.S.S.G. § 3B1.2. (These facts resulted in an initial total offense level of 25.) Fourth, prior to the arrest, Brooks had a "relatively minor" criminal history and had not served time in prison. This qualified him for a criminal history category of I, yielding a Guidelines' range of 57 to 71 months, before consideration of departures and variances.

Brooks then received a one-level departure under U.S.S.G. § 5K1.1 for providing substantial assistance to the Government in the prosecution of others.[3] This reduced his total offense level to 24 and yielded a Guidelines' range of 51 to 63 months. The District Court sentenced Brooks to 51 months, the bottom of the range.

Brooks challenges the two-level enhancement he received for possession of a firearm in connection with the drug crime. He further argues that, absent the finding of a nexus between his crime and his possession of the firearm, the District Court

should have found him eligible for the "safety valve provision" of U.S.S.G. § 2D1.1(b)(11). That provision calls for a two-level reduction if an offense satisfies the factors listed at U.S.S.G. § 5C1.2(a): (1) having less than one criminal history point, (2) not using violence or threats and not possessing a dangerous weapon such as a firearm, (3) not causing death or serious bodily injury, (4) not acting as an organizer or leader, and (5) providing truthful information to the Government when there was such information to provide.

## II. Challenges to the Calculated Guidelines Sentencing Range

Brooks contends, in effect, that the District Court made two related errors in the calculation of his sentence under the Guidelines. We review sentences for abuse of discretion. *Gall v. U.S.*, 552 U.S. ——, ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) ("[T]he appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range ... [or] selecting a sentence based on clearly erroneous facts. ...").

## A. Enhancement for Possession of a Firearm

■ Brooks purchased and registered the gun legally. He had owned it for four years for protection in his "dangerous" Philadelphia neighborhood. He claims he took the gun with him to Williamsport to avoid leaving it in his mother's home. Im-

---

2. This part of the Guidelines' calculation corresponds to step one of *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006).

3. Granting a departure under specific Guidelines' provisions after a formal motion corresponds to step two of *Gunter*, 462 F.3d at 247.

portantly, according to Brooks, the firearm was put away out of sight in a dresser drawer and had no connection to the offense. All these considerations, he argues, suggest that the firearm did not play a role in the drug-selling conspiracy.

Whenever "a dangerous weapon (including a firearm) was possessed" in connection with a crime, U.S.S.G. § 2D1.1(b)(1) requires a two-level enhancement to the offense level. "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1(b)(1), app. n. 3. Brooks makes an analogy between his loaded .38 special in a drawer and the hypothetical unloaded hunting rifle in the closet.

■ The District Court rejected this analogy, and so do we. Leaving aside the difference between loaded and unloaded weapons, it was not an abuse of discretion for the District Court to find that Brooks's gun was "easily accessible" from the drawer. Thus, we uphold the two-level enhancement in the calculation of the Guidelines' range for Brooks's sentence. *See United States v. Sparrow,* 371 F.3d 851, 853 (3d Cir.2004) (stating, in the related context of 18 U.S.C. § 924(c), that "immediate accessibility at the time of search or arrest is not a legal requirement" for possession of a firearm in furtherance of drug trafficking).

## B. "Safety Valve" Provision

To qualify for a "safety valve" reduction, a defendant must meet, as noted, all five criteria of U.S.S.G. § 5C1.2(a). Possession of a firearm in connection with an offense violates the second of these five criteria. U.S.S.G. § 5C1.2(a)(2). Because the Dis-

trict Court did not abuse its discretion by finding that Brooks possessed a firearm in connection with the drug-distribution conspiracy, his offense cannot meet the safety valve criteria.

\* \* \* \* \* \*

For the reasons stated above, we affirm the District Court's decision.