**UNITED STATES of America**

v.

**Charles KENNEDY, a/k/a Chuckie Brewer, Charles Kennedy, Appellant.**

**No. 09–2369.**

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) Tuesday, May 24, 2011.

Opinion filed: June 29, 2011.

---

Kathy A. Stark, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Christian J. Hoey, Esq., Rubino & Hoey, Paoli, PA, for Charles Kennedy.

Before: McKEE, Chief Judge, SCIRICA and RENDELL, Circuit Judges.

## OPINION

McKEE, Chief Judge.

Charles Kennedy appeals the district court's judgment of conviction and sentence. For the reasons that follow, we will affirm.

### I.

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal as we discuss Kennedy's claims.

■ Kennedy argues that the district court should have suppressed the cocaine base and firearm found in the car he was driving on February 21, 2006 because the officer possessed neither probable cause nor reasonable suspicion to stop his vehicle. Although Kennedy argues that the probable cause standard should apply, we have held that reasonable suspicion is all that the Fourth Amendment requires to support an investigative traffic stop. *United States v. Delfin–Colina*, 464 F.3d 392, 397 (3d Cir.2006). "[A] traffic stop will be deemed a reasonable seizure' when an objective review of the facts shows that an officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop." *Id.* at 398. Here, the officer possessed reasonable suspicion that Kennedy was violating Pennsylvania's motor vehicle code because the car that Kennedy was driving appeared to have excessive tint on its windows. Accordingly, the initial traffic stop was an appropriate attempt to investigate a possible motor vehicle code violation, and the cocaine that was recovered pursuant to that stop should not have been suppressed.

### II.

Kennedy argues that there is insufficient evidence to support his conviction on any count because the Government failed to establish his constructive possession of the cocaine base and firearm found during the February traffic stop, and that the evidence did not establish his constructive possession of the cocaine base found in the Ford Bronco that he was driving on March 8, 2006. Alternatively, he argues that even if there were sufficient evidence of his constructive possession of the contraband, there was insufficient evidence to convict him on Count Three because his possession of the firearm was not in furtherance of a drug trafficking offense.

"In reviewing a jury verdict for sufficiency of the evidence, we review the evidence in the light most favorable to the government, and we will affirm the conviction if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jenkins*, 90 F.3d 814, 817 (3d Cir.1996).

### A.

■ To establish constructive possession, the government must submit sufficient evidence that an individual "knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through

another person or persons. Constructive possession necessarily requires both dominion and control' over an object and knowledge of that object's existence." *United States v. Iafelice,* 978 F.2d 92, 96 (3d Cir.1992) (citations omitted) (internal quotation marks omitted). "[M]ere proximity to the drug, or mere presence on the property where it is located or mere association with the person who does control the drug or the property" is insufficient to establish dominion and control. *Jenkins,* 90 F.3d at 818 (internal quotation marks omitted). However, "[c]ommon sense counsels that an owner and operator of a vehicle usually has dominion and control over the objects in his or her vehicle of which he or she is aware, and usually knows what is in that vehicle." *Iafelice,* 978 F.2d at 97.

There is more than sufficient evidence to establish Kennedy's constructive possession of the cocaine base and firearm obtained from the Oldsmobile that Kennedy was driving when he was stopped on February 21, 2006. Kennedy owned the Oldsmobile and was operating it when he was stopped. As well as recovering a gun and drugs from inside the locked glove compartment, the officers also recovered a receipt with Kennedy's name and home address on it. Additionally, several other documents were recovered from the car bearing Kennedy's name. Moreover, a witness testified that: he had never seen anyone but Kennedy drive the Oldsmobile; he had seen Kennedy open the glove compartment with a key; he had previously seen the gun recovered by the officers on Kennedy's person and in the glove compartment; and he had purchased crack cocaine from Kennedy in a pill bottle that looked the same as the one recovered from the glove compartment.

■ There is also sufficient evidence to establish Kennedy's constructive posses-

sion of the cocaine base recovered from the Ford Bronco he was driving on March 8, 2006. Although Kennedy was not the registered owner of that car, he was the only one in it when the car was stopped. Moreover, officers found several receipts in the Bronco bearing Kennedy's name. They also found a work order for installing a stereo in the Bronco that had both Kennedy's name and address on it and was dated March 8, 2006, the same day that Kennedy was stopped in the Bronco. A witness testified that he had seen Kennedy drive the Bronco on several occasions, and that on one occasion, Kennedy had given him a key to drive the Bronco. Moreover, the pill bottle that was recovered from the Bronco and contained the crack cocaine was identical in appearance to the pill bottle recovered from the Oldsmobile. This pill bottle was found in the middle console and was easily accessible to Kennedy, the only person in the car. Lastly, when Kennedy was arrested after being stopped in the Bronco, small particles of crack were recovered from the pocket of the jacket that Kennedy was wearing.

## B.

Kennedy argues that even if there was sufficient evidence to establish his constructive possession of the drugs and firearm, the district court erred in imposing a consecutive five-year sentence on Kennedy's Count Three conviction for possession of a firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c). Kennedy asserts that the government failed to prove that he "used" or "carried" his firearm in furtherance of a drug crime. Kennedy was charged with possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A).

■ To convict a person charged with possession of a firearm in furtherance of a

drug trafficking offense, "the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." *United States v. Sparrow,* 371 F.3d 851, 853 (3d Cir.2004). Some of the factors that are relevant in making this determination include:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (internal quotation marks omitted) (citing *United States v. Ceballos–Torres,* 218 F.3d 409, 414–15 (5th Cir.2000)). Here, Kennedy kept the firearm in the same location as the drugs; the handgun was loaded and Kennedy had an extra magazine; the type of drug activity (street level sales of crack) indicates that Kennedy would have a need for protection; the gun was stolen; Kennedy could not lawfully possess a gun because he was a convicted felon; and lastly, the gun was easily accessible to Kennedy because it was in the glove compartment of the car he owned and operated. This was more than sufficient for the jury to conclude that Kennedy's possession of the firearm advanced or helped forward his trafficking of crack cocaine.

### III.

For all of the above reasons, we will affirm the district court's judgment of conviction and sentence.