NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3631
_____

UNITED STATES OF AMERICA

v.

LARRY BASS, JR.,

Appellant
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00298-001)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2012
_____

Before:  McKEE, Chief Judge, SCIRICA, and AMBRO, Circuit Judges

(Opinion filed: March 09, 2012 )
_____

OPINION
_____

AMBRO, Circuit Judge

Larry Bass was convicted by a jury of four drug-related offenses and one count of

possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(a).  Bass appeals his firearm conviction, contending that the evidence was

1

insufficient to support the conviction beyond a reasonable doubt. For the following reasons, we affirm.

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In April 2009, a cooperating witness informed federal agents that he had previously purchased marijuana and Alprazolam (Xanax) from Bass. The cooperating witness, acting under the direction of law enforcement officials, arranged a drug transaction with Bass. Bass was apprehended by FBI and Philadelphia police officers as he left his home and approached the car containing the cooperating witness. The officers searched him and found him to be in possession of 12.5 grams of marijuana and six Alprazolam tablets. A subsequent search of his home uncovered 907 grams of marijuana, four Alprazolam tablets in a pill container marked with Bass's prescription information, drug-packaging paraphernalia, and seven loaded automatic and semiautomatic firearms. The confiscated firearms were within close proximity to the drugs; one firearm was touching a plastic bag containing marijuana.

## II.

We exercise plenary review over challenges to the sufficiency of the evidence. *United States v. Bornman*, 559 F.3d 150, 152 (3d Cir. 2009). In reviewing the evidence, "we examine the totality of the evidence, both direct and circumstantial, and must credit all available inferences in favor of the government." *United States v. Sparrow*, 371 F.3d 851, 852 (3d Cir. 2004) (citations and internal quotation marks omitted). Our review is deferential, and we are mindful that it is not our role to weigh the evidence or determine

the credibility of the witnesses. *United States v. Jones*, 566 F.3d 353, 361 (3d Cir. 2009). We will sustain the verdict "if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999).

To convict an individual under 18 U.S.C. § 924(c), "the mere presence of a gun is not enough." *Sparrow¸* 371 F.3d at 853. Instead, the Government must provide "evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *Id*. (citations and internal quotation marks omitted). To determine whether there was sufficient evidence to convict an individual under § 924(c), we consider a nonexclusive list of eight relevant factors. Specifically, we will consider: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (citation omitted).

Applying these nonexclusive factors, we hold there was sufficient evidence to convict Bass of possessing a firearm in furtherance of a drug trafficking crime. As noted, during their search of Bass's home, police officers found seven loaded guns in close proximity to drugs and drug paraphernalia used for drug distribution. We have previously held that a weapon's physical proximity to drugs and drug packaging paraphernalia provides sufficient evidence to convict under § 924(c). *See United States v. Iglesias*, 535 F.3d 150, 157 (3d Cir. 2008). The fact that the weapons were legally

3

purchased and not immediately available at the time of arrest does not negate that a rational jury could have concluded that the guns were used in furtherance of drug trafficking activities, in violation of 18 U.S.C. § 924(c).

\* \* \* \* \*

For these reasons, we affirm.