NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3257
_____

UNITED STATES OF AMERICA

v.

JOSE JUAN ALBERTORIO-GARCIA,
a/k/a Jose Garcia,
a/k/a P-Juan,
a/k/a Matatan

Jose Juan Albertorio-Garcia,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-14-cr-00176-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 7, 2017

Before:  CHAGARES, SCIRICA and FISHER, *Circuit Judges*.

(Filed: April 12, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Following a jury trial, Jose Juan Albertorio-Garcia was convicted of four counts of distribution or possession with the intent to distribute heroin and one count of possession of a firearm in furtherance of a drug-trafficking crime. At sentencing, he was designated a career offender, and the District Court sentenced him to 300 months' imprisonment. Arguing that there was insufficient evidence to convict him of the firearm offense, Albertorio-Garcia appeals his firearm conviction. He also appeals his court-imposed sentence, contending that it is unreasonable. For the reasons that follow, we will affirm.

I.

In March 2014, a confidential informant acting under the direction of the Pennsylvania State Police arranged four drug transactions with Albertorio-Garcia. The police set up surveillance and watched Albertorio-Garcia sell heroin to the informant and an undercover state trooper on all four occasions. After the final buy, they arrested Albertorio-Garcia and executed a warrant to search his residence. During their search, officers found currency and 140 bags of heroin in a first-floor living-room/dining-room area. They also found a loaded firearm, three boxes ammunition, and a digital scale with white residue in a second-floor bedroom.

On July 16, 2014, Albertorio-Garcia was charged with five counts of distribution and possession with the intent to distribute a detectable amount of heroin (Counts 1-5); and one count of possessing a firearm in furtherance of drug trafficking, in violation of 18

2

U.S.C. § 924(c) (Count 6). He pleaded not guilty and, after a three-day trial, the jury returned a guilty verdict on the drug offenses charged in counts two through five of the indictment as well as the 924(c) offense charged in count six.

That December, the Probation Office issued a Presentence Investigation Report. In it, the Probation Office concluded that Albertorio-Garcia was a career offender and assessed his sentencing range as 360 months' to life imprisonment. Albertorio-Garcia, in turn, admitted that the Probation Office properly calculated his guidelines range. But he argued that the District Court should exercise its discretion to vary downward because a much lower sentence than 360 months would satisfy the sentencing factors in 18 U.S.C. § 3553(a). Ultimately, the District Court imposed a sentence of 300 months' imprisonment—240 months on each heroin conviction, to be served concurrently, plus 60 months on his firearm conviction. It entered judgment on July 18, 2016, and this timely appeal followed.

## II.

The District Court had subject matter jurisdiction over this case under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a defendant's sufficiency-of-the-evidence claim but are highly deferential to the jury's verdict.[1] In reviewing the evidence, we view the record in the light most favorable to the winning party, and we must uphold the "conviction if any rational trier of

---

[1] *United States v. Bornman*, 559 F.3d 150, 152 (3d Cir. 2009).

fact could have found the essential elements of the offense beyond a reasonable doubt."[2]
We review a District Court's sentencing decisions under an abuse-of-discretion standard
for both procedural and substantive reasonableness.[3]

III.

On appeal, Albertorio-Garcia raises two issues. First, he argues that the evidence
adduced at trial was insufficient to convict him of possessing a firearm in furtherance of a
drug trafficking crime. Second, he asserts that his 300-month sentence was unreasonable.
We will consider each argument in turn, and affirm for the reasons below.

A.

To convict an individual under 18 U.S.C. § 924(c), "the evidence must
demonstrate that possession of the firearm advanced or helped forward a drug trafficking
crime."[4] In making this determination, we consider several factors, including

> the type of drug activity that is being conducted, accessibility of the firearm, the
> type of the weapon, whether the weapon is stolen, the status of the possession
> (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug
> profits, and the time and circumstances under which the gun is found.[5]

Applying these factors and viewing the evidence in the government's favor, as we
must, we hold that the evidence was sufficient to convict Albertorio-Garcia of possessing
a firearm in furtherance of a drug-trafficking crime. Indeed, a surveillance officer

---

[2] *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999).
[3] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).
[4] *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004).
[5] *Id*. (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

4

testified that he saw Albertorio-Garcia carry a firearm to the controlled drug buy on March 13. The lead investigator testified that he heard the surveillance officer call out the firearm. Albertorio-Garcia stipulated he could not lawfully possess the firearm. The firearm discovered in Albertorio-Garcia's home was loaded, easily accessible, and in close proximity to a digital scale with white residue. Finally, two officers testified that it was common for drug traffickers to have firearms and to use scales to weigh drugs.

Contrary to Albertorio-Garcia's claims otherwise, the fact that the drugs were found in a different room than the gun does not mean that a rational jury could not have concluded that the gun was used in furtherance of a drug-trafficking activity. Nor does his claim that the surveillance officer misidentified the gun. Although the gun was located in a different room than the drugs, it was in the same room as the scale, and we have previously held that a weapon's physical proximity to drug-packaging paraphernalia provides sufficient evidence to convict under § 924(c).[6] Likewise, even were we to accept Albertorio-Garcia's argument that the surveillance officer misidentified the gun, that point is inapposite. Since we are not permitted to "weigh evidence or determine the credibility of witnesses" when evaluating a sufficiency-of-the evidence claim,[7] "the

---

[6] *United States v. Iglesias*, 535 F.3d 150, 157 (3d Cir. 2008). In addition, the weapon was loaded, and it was illegally possessed in the same home as a substantial amount of drugs and money. As the Fifth Circuit has held, those "factors reasonably support a finding" that Albertorio-Garcia's "gun protected his drugs and money against robbery." *Ceballos-Torres*, 218 F.3d at 415.

[7] *United States v. Beckett*, 208 F.3d 140, 151 (3d Cir. 2000).

evidence does not need to be inconsistent with every conclusion save that of guilt."[8] It suffices that, as is the case here, a reasonable jury "could accept" the officer's testimony "as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." [9]

## B.

We also reject Albertorio-Garcia's argument that the District Court abused its discretion when it sentenced him to 300 months' imprisonment. "Our responsibility on appellate review of a criminal sentence is limited . . . to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way."[10] And we cannot find that the District Court imposed a procedurally unfair or substantively unreasonable sentence in this case.

Regarding procedural reasonableness, Albertorio-Garcia neither alleges nor can we find any procedural error in this case. The District Court did not incorrectly calculate his guidelines range, improperly treat the guidelines as mandatory, fail to follow the

---

[8] *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (brackets and internal quotation marks omitted).

[9] *Id*. at 430-31 (internal quotation marks omitted).

[10] *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

three-step process for imposing a sentence, select a sentence based on erroneous facts, fail to explain the sentence, or fail to consider the § 3553(a) factors.[11]

For substantive reasonableness, we "accord great deference to a district court's choice of final sentence," and the "pertinent inquiry is 'whether the final sentence . . . was premised upon appropriate and judicious consideration of the relevant factors'" set forth in 18 U.S.C. § 3553(a).[12]  In addition, since the District Court's "sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[13]

Here, we cannot find that Albertorio-Garcia's 300-month sentence, which was 60 months less than the bottom end of the advisory guidelines range, was substantively unreasonable.  First, the District Court appropriately considered the sentencing factors in § 3553(a), including "the seriousness of the offense," "the history and characteristics of the defendant," the need to "protect the public from further crimes of the defendant," and

---

[11] Albertorio-Garcia objects to the Probation Office's calculation of his offense level, criminal history level, and career offender status. But he has repeatedly clarified that his objection is to "the methodology allowed by the advisory sentencing guidelines" and not that the Probation office miscalculated his guidelines range. App. 339; *see also* App. 347-48 ("I am not stating to you that the probation department miscalculated."). We agree with the government that the Probation Office properly assessed his sentencing range as 360 months to life. Because Albertorio-Garcia is over eighteen, was convicted of a drug crime, and has seven prior drug felonies, he qualifies as a career offender. U.S.S.G. § 4B1.1(a). And because he is a career offender with a § 924(c) conviction and no acceptance-of-responsibility reduction, the career offender table provides that his sentencing range is 360 months to life. *Id*. § 4B1.1(c).

[12] *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

[13] *Tomko*, 562 F.3d at 568.

the need to "afford adequate deterrence."[14] Second, because the "record makes clear that the sentencing judge listened" to Albertorio-Garcia's arguments for a downward variance and had a "reasoned basis" for providing the sentence imposed,[15] we cannot find that the District Court abused its discretion in declining to give Albertorio-Garcia's "mitigating factors the weight" that Albertorio-Garcia "contends they deserve."[16] For example, while Albertorio-Garcia contends that he only sold 22.8 grams of heroin, it was not an abuse of discretion for the District Court to conclude that he was engaged in a particularly serious offense, given that he sold thousands of doses of heroin. Likewise, while there is a disparity between the sentence Albertorio-Garcia received in this case and the typical sentence a non-career offender would have received for selling 22.8 grams of heroin, it was not an abuse of discretion for the District Court to conclude that the disparity that ultimately resulted was warranted based on Albertorio-Garcia's career offender status and his ten prior convictions—nine of which related to the possession, distribution, and manufacture of controlled substances.

IV.

For the reasons set forth above, we will affirm.

---

[14] 18 U.S.C. § 3553(a). For example, the District Court noted on the record that Albertorio-Garcia was a "long-time drug dealer" and "recidivist" felon who posed "a danger to the community." App. 353-54.

[15] *Rita v. United States*, 551 U.S. 338, 356-58 (2007).

[16] *Lessner*, 498 F.3d at 204.

8