NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1603

———————

UNITED STATES OF AMERICA

v.

MATTHEW WILLIAMS, a/k/a FLEA

Matthew Williams,
Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00471-003)
District Judge: Honorable Legrome D. Davis

———————

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2018

Before: AMBRO, SCIRICA, and SILER, Jr.[♦], <u>Circuit Judges</u>

(Opinion filed: May 1, 2018)

———————

OPINION[*]

———————

<hr>

[♦] Honorable Senior Judge Eugene E. Siler, Jr., Circuit Court Judge for the Sixth Circuit
Court of Appeals, sitting by designation.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Matthew Williams was convicted by a jury of conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 846, distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Williams argues on appeal the District Court erred in denying his Rule 29 motion for judgment of acquittal because there was insufficient evidence to convict him of conspiracy and the firearm offense. He also contends the Court erred in denying his motion to suppress evidence seized during the execution of a search warrant at the house in which he was sleeping.[1]

We review *de novo* the Court's denial of a Rule 29 motion for judgment of acquittal, and we apply the same standard as the District Court. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006). Our review of the sufficiency of evidence is highly deferential, and we must view the evidence in the light most favorable to the prosecution. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc); *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The question we answer is whether any rational trier of fact could have agreed with the jury and found proof of guilt beyond a reasonable doubt. *Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (per curiam). In light of this highly deferential standard, we hold there was sufficient evidence for Williams's conspiracy and firearm convictions and the District Court did not err in denying his motion for judgment of acquittal.

---

[1] We have jurisdiction over final decisions of the District Court under 28 U.S.C. § 1291.

To support the conspiracy charge, the Government introduced evidence that Williams and his co-defendants operated from two of the same houses (one was the house at which he was later found during the execution of a search warrant) and they made deals using the same cell phone. While this is only circumstantial evidence of a conspiracy, a reasonable trier of fact could find it establishes Williams's unity of purpose with his co-conspirators, his intent to achieve a common goal, and his agreement to work together toward that goal. *See United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008).

With respect to the firearm offense, the Government's evidence included: Williams's drug dealing from the house where he and the handgun and shotgun were found; an officer's testimony that he admitted a handgun found during the search was his; his effort to hide the handgun in a ventilation shaft; that Williams and his family were the only people in the house at the time of the search; that both guns were loaded with live ammunition; and that the shotgun was in plain view near a ballistic vest and drug paraphernalia. Based on this evidence, a jury could reasonably find Williams knowingly possessed the guns and his possession was in furtherance of a drug trafficking crime. *See United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999) (describing constructive possession); *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (setting out eight-factor test for determining whether possession of a firearm is "in furtherance of a drug trafficking crime").

We also hold the Court did not err in denying Williams's suppression motion. We review *de novo* its denial of Williams's motion to suppress, and we apply the same standard as the District Court to determine whether the magistrate who issued the warrant

3

had a "substantial basis" for determining probable cause existed. *United States v. Zimmerman*, 277 F.3d 426, 432 (3d Cir. 2002). Williams argues the search warrant for the house at which he was sleeping was facially deficient because it failed to specify the location to be searched and the items to be seized. He also argues for the first time on appeal the warrant failed to specify his identity and his connection to the location. But the warrant contained the specific address of the house, an exhaustive list of items (including weapons, drugs, and drug paraphernalia), and it named Williams as an owner, occupant, or possessor of the property. Hence, as required under *Maryland v. Garrison*, 480 U.S. 79, 84 (1987), it "particularly describe[ed] the place to be searched and the persons or things to be seized." *Id.*

For these reasons, we affirm.