**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1530
_____

UNITED STATES OF AMERICA

v.

EDNA GORHAM-BEY,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2:07-cr-00442-001)
District Judge:  Hon. Donetta W. Ambrose

Submitted January 27, 2011

Before:  FUENTES, CHAGARES, and ROTH, Circuit Judges.

(Filed: March 22, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

     Appellant Edna Gorham-Bey ("Gorham-Bey") was convicted following a jury

trial and now appeals the sufficiency of the evidence supporting her conviction.  We will

affirm.

## I.

We write for the parties' benefit and recite only the facts essential to our disposition. Because this appeal comes to us following a jury's guilty verdict, we set forth the facts in the light most favorable to the Government.

On December 19, 2007, a grand jury in the Western District of Pennsylvania returned a one-count indictment charging Gorham-Bey with conspiracy to defraud the Government, in violation of 18 U.S.C. § 286. Specifically, the indictment charged that Gorham-Bey engaged in a scheme whereby she, inter alia, (1) provided various prison inmates incarcerated at SCI-Pittsburgh with false addresses to use in filing fictitious federal tax returns; (2) deposited checks that she collected based on those returns in a bank account that she controlled; and (3) ultimately distributed the profits between herself and her co-conspirators. See Appendix ("App.") at 9-12.

On October 30, 2008, Gorham-Bey entered a plea of not guilty to the indictment. A unanimous jury subsequently convicted her after a two-day trial that concluded on November 3, 2008. On February 13, 2009, the District Court sentenced Gorham-Bey to a term of fifteen months of imprisonment and three years of supervised release. The District Court also ordered Gorham-Bey to pay $7,683.14 in restitution. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

We exercise plenary review over Gorham-Bey's sufficiency challenge. United States v. Bornman, 559 F.3d 150, 152 (3d Cir. 2009). "'The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high.'" United States v. Iglesias, 535 F.3d 150, 155 (3d Cir. 2008) (quoting United States v. Lore, 430 F.3d 190, 203-04 (3d Cir. 2005)). The Court "'must consider the evidence in the light most favorable to the [G]overnment and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'" Id. (quoting Lore, 430 F.3d at 204). The Government may meet its evidentiary burden "entirely through circumstantial evidence," United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006), and a reviewing court "must credit 'all available inferences in favor of the [G]overnment,'" United States v. Sparrow, 371 F.3d 851, 852 (3d Cir. 2004) (quoting United States v. Gambone, 314 F.3d 163, 170 (3d Cir. 2003)). "[T]he evidence need not unequivocally point to the defendant's guilt as long as it permits a finding of guilt beyond a reasonable doubt." United States v. Davis, 183 F.3d 231, 238 (3d Cir. 1999). This deferential standard thus places a very heavy burden on a convicted defendant to demonstrate that there is insufficient evidence to support her conviction. United States v. Rawlins, 606 F.3d 73, 80 (3d Cir. 2010).

## III.

As noted, a unanimous jury convicted Gorham-Bey of conspiring to defraud the United States, in violation of 18 U.S.C. § 286. That statute outlaws "any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious

3

or fraudulent claim." 18 U.S.C. § 286. "To prove a defendant guilty of violating 18 U.S.C. § 286, the Government must establish: (1) that there was a conspiracy to defraud the United States; (2) that the defendant knew of the conspiracy and intended to join it; and (3) that the defendant voluntarily participated in the conspiracy." United States v. Okoronkwo, 46 F.3d 426, 430 (5th Cir. 1995). Furthermore, "where, as here, it is alleged that the conspirators agreed to make false statements or representations as part of the conspiracy, . . . Section 286 . . . require[s] proof that the conspirators agreed that these statements or representations would have a material effect on the decision to pay a false, fictitious, or fraudulent claim." United States v. Saybolt, 577 F.3d 195, 204 (3d Cir. 2009).

On appeal, Gorham-Bey challenges the sufficiency of the evidence in regard to the second and third elements of 18 U.S.C. § 286. Gorham-Bey concedes that the evidence proved a conspiracy to defraud the Government through the filing of false tax returns, but posits that there was insufficient evidence produced at trial to establish that she knew of, intended to join, and participated in that conspiracy. Cf. Gorham-Bey Br. at 17 ("Although the [G]overnment established that certain individuals did participate in such a scheme, they did not establish that Ms. Gorham-Bey was part of that scheme.").

We disagree. As an initial matter, Gorham-Bey disingenuously argues that "[t]he sum total of the evidence that brought [her] into the mix was the fact that her address was found throughout the investigation." Id. at 18 (emphasis added). This is simply false, and ignores the fact that the trial record is replete with letters written by Gorham-Bey to

4

her fellow co-conspirator George Brooks ("Brooks").[1] Gorham-Bey's argument on appeal is thus predicated on a partial assessment of the evidence. When the trial record is viewed in its entirety, however, there is substantial evidence from which a reasonable juror could conclude that Gorham-Bey was part of the scheme to defraud the Government by filing false tax returns. Many of the letters, although written in a kind of code, demonstrate that Gorham-Bey took part in the conspiracy. For example, in a letter to Brooks dated March 2, 2003, Gorham-Bey wrote:

> So, if everybody does what they are supposed to do, it should be twice the number we originally mentioned in our last letter. I asked [a fellow co-conspirator] to send the entire report that way I can stay on top of the everything and know when the cycle has been completed. I'm sure I should be in receipt of that information by the 10th of March. So, we'll see! . . .
>
> The total sum of the project after my fee will be 20. I'll read your instructions again and act accordingly. This, of course, is dependent upon the other 4 transactions manifesting. I sent out the letters as I've said.

Supplemental Appendix ("S.A.") at 23-24. Crediting all inferences in the Government's favor, this letter reveals Gorham-Bey updating Brooks on the progress of the conspiracy and disclosing her financial interest in the scheme.

As a second example, on March 18, 2003, Gorham-Bey wrote:

> Just a brief note to say things are moving along fairly well and coming thru as planned! We got 2 references on Monday --- 17th, 2 more expected on Monday --- 24th. I informed you of the 1 that there was a concern with. Hopefully, it can be cleared up as soon as possible. Of the others, I'm not clear as to the status just yet.

---

[1] In fact, Gorham-Bey failed to include these letters in the Appendix filed in support of her brief. The Court thus relies on the Supplemental Appendix filed by the Government, which did include these letters.

5

S.A. at 25.  Again, granting the Government all inferences, this letter shows that Gorham-Bey has received two of the tax refund checks, or "references," and that two more were expected.  The fact that Gorham-Bey knew that two more refund checks would be issued also indicates that she was tracking the status of the various fraudulent federal tax returns.

Similar letters, with similar inferences, abound in the trial record.  Perhaps most compelling, however, is a letter dated January 10, 2003 and addressed to Brooks, in which Gorham-Bey wrote:

> Listen, about the "Prisoner Support Program."  I've got several families willing to work with us.  I'll send you a separate list of addresses so we can proceed to coordinate what has to be done. . . .   So, in closing, I've got about 9 different families who own their homes and are willing to follow instructions to the letter and allow me to handle all administrative procedures!  Hoping we can jump start the program ASAP.

S.A. at 14.  This letter labels the conspiracy with the code name "Prisoner Support Program" and explicitly admits to collecting various addresses.  And, as promised, Gorham-Bey sent Brooks a list of several addresses in letters dated January 21, 2003 and January 28, 2003.  See S.A. at 15-16, 18-19.  Several of these addresses were then used by Brooks as part of the fake tax returns that he prepared for fellow inmates.  Compare S.A. at 16, 18, with App. at 135-36, 197-98, 214.  Tax refund checks made out to those very same inmates were later deposited in a bank account controlled by Gorham-Bey.  See App. at 216-219; S.A. at 49A-51B.

The inference permitted by this evidence is clear:  Gorham-Bey not only provided Brooks with the addresses that were used to obtain fraudulent tax refunds, but also deposited those refund checks in her own account.  When considered in conjunction with

6

the other evidence produced at trial, a rational juror could easily conclude that Gorham-Bey knew of, intended to join, and voluntarily participated in the conspiracy to defraud the Government by filing false tax returns that had a material effect on the Government's decision to issue tax refunds. Accordingly, viewing the evidence in the light most favorable to the Government, we hold that a rational juror could have found that Gorham-Bey was guilty beyond a reasonable doubt of violating 18 U.S.C. § 286. Cf. United States v. McKee, 506 F.3d 225, 238 (3d Cir. 2007) ("[A] conspiratorial agreement can be proven circumstantially based upon reasonable inferences drawn from actions and statements of the conspirators or from the circumstances surrounding the scheme.").

## IV.

For the foregoing reasons, we will affirm the judgment of conviction.