NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3726
_____

UNITED STATES OF AMERICA

v.

ANTWAN HORNBUCKLE,
Appellant
_____

On Appeal from the United States District Court
For the District of Delaware
(D.C. Criminal Action No. 1:09-cr-00050-1)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011
_____

Before: SLOVITER and GREENAWAY, JR., Circuit Judges, and POLLAK, District
Judge[*]

(Opinion filed May 12, 2011)
_____

OPINION
_____

POLLAK, District Judge

        Antwan Hornbuckle appeals his conviction and sentence, arguing that he was not

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

properly advised as to the nature of his offense before pleading guilty. We hold that the District Judge did not plainly err when explaining the nature of Hornbuckle's offense, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Accordingly, we will affirm Hornbuckle's judgment of conviction and sentence.

## I.

Because we write primarily for the parties, who are familiar with this case, we address only the facts and procedural history relevant to resolution of the issues raised in this appeal.

Hornbuckle's residence was the subject of a police raid in early 2009. At the start of the raid, Hornbuckle emerged from his bedroom and was taken into custody. A search of his person uncovered a plastic bag containing 15 grams of crack cocaine. A search of the bedroom from which he emerged revealed, among other drug trafficking paraphernalia, a blue plastic tub that contained several plastic bags containing 420 grams of crack cocaine as well as a loaded handgun. The plastic bags of crack cocaine in the tub were identical to the bag found on Hornbuckle. Hornbuckle maintains that the handgun and drugs in the tub were being held for another person (whom the Government was later made aware of through Hornbuckle's cooperation).

On December 17, 2009, Hornbuckle waived indictment and pled guilty to a two-count information charging (1) possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A), and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A). At this change of plea hearing, the District Court instructed Hornbuckle, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(G), as to the "nature of each charge to which [Hornbuckle] [wa]s pleading" guilty. The District Court and Hornbuckle discussed aspects of the firearms charge, and Hornbuckle did not object to the District Court's description of the charges at that time.

Prior to sentencing, Hornbuckle filed a *pro se* motion to withdraw his guilty plea. Two weeks later, and acting through counsel, Hornbuckle withdrew his motion to withdraw the guilty plea. The District Court eventually sentenced Hornbuckle to 60 months' imprisonment for the drug possession count, plus a consecutive sentence of 60 months' imprisonment for the firearm count. Hornbuckle timely appealed.[1]

## II.

## A.

In this case, Hornbuckle asks us to determine whether the District Court fulfilled its duty under Federal Rule of Criminal Procedure 11(b)(1)(G) to explain the charge to which Hornbuckle was pleading guilty and to ensure that he understood the charge.[2] The relevant portion of the rule reads as follows:

> Before the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading[.]

Fed. R. Crim. P. 11(b)(1)(G). Because Hornbuckle did not object to the alleged Rule 11

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

[2] In his appeal, Hornbuckle does not appear to dispute that the District Court properly found a factual basis to support a conviction against him pursuant to Rule 11(b)(3).

colloquy error during the change of plea hearing, we review the District Court's judgment of conviction and sentence for plain error. *United States v. Dixon*, 308 F.3d 229, 233 (3d Cir. 2002). "The burden is on the defendant to satisfy a four-part test in order to obtain plain error reversal of a criminal conviction. The defendant must show that: (1) an error was committed; (2) the error was plain, that is, clear and obvious; . . . (3) the error affected the defendant's substantial rights; [and (4)] the error . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 233–34 (internal quotation marks omitted). Even if all four parts are met, we retain discretion as to whether to order a correction of the error. *Id.*

**B.**

Hornbuckle pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). "Under 924(c), the 'mere presence' of a gun is not enough. 'What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense.'" *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000)). In other words, "the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." *Id.*

Under Rule 11, a court need not give "a litany or other ritual" that would exalt "ceremony . . . over substance." *United States v. Cefaratti*, 221 F.3d 502, 508 (3d Cir. 2000). Instead, we "look to the totality of the circumstances to determine whether a defendant was informed of the nature of the charges against him, considering factors such

4

as the complexity of the charge, the age, intelligence, and education of the defendant, and whether the defendant was represented by counsel." *Id.* Rule 11 itself provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Thus, a court may reject such challenges "where the record plainly shows that the defendant understood the nature of the charges despite a flawed inquiry by the court." *Cefaratti*, 221 F.3d at 508 (internal quotation marks omitted).

## C.

Hornbuckle's claim of error is based on the following exchanges during the change of plea hearing and the sentencing hearing. At the change of plea hearing, Hornbuckle first inquired about the firearm charge:

> THE COURT: Now in Count II, it says in furtherance of drug trafficking for which you may be prosecuted, that you had—that the crime is knowing Possession with Intent to Distribute five grams or more, which is Count I, that you had a firearm with you, it's a Kel-Tec model P11 handgun. Now, when you were possessing which you admit to having [done] in Count I, were you in possession of a Kel-Tec .9mm handgun?
>
> THE DEFENDANT: Your Honor, I wasn't in actual physical possession. The .9mm was located in my bedroom area.
>
> THE COURT: It was in the area where you had the drugs?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, I think what you're telling me is that you want me to understand that although it was in there and you admit to the drugs being yours, that was probably someone else's gun?
>
> THE DEFENDANT: Yes.
>
> THE COURT: But you possessed it by it being in your presence and being available to you? Do you understand that?

5

THE DEFENDANT: Yes, sir.

THE COURT: What I'm saying is, you can be convicted of possession because it was your area—in the area of where you say it was, in the area of where you kept your drugs. You could be what we call in possession of the gun even though you weren't the owner of it?

THE DEFENDANT: Yes.

THE COURT: Is that what you're trying to explain to me?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: . . . Based on the responses you've given me, I find again that . . . you fully understand the charges . . . and that there's a basis in fact for you to plead guilty because you've admitted your guilt and the facts that support a guilty verdict and you have accepted with modification as presented by [Hornbuckle's counsel], the government's proffer of evidence, and for all these reasons I'm going [to] accept your pleas and adjudge you guilty of Counts I and II.

App. 34–36, 44. At sentencing, Hornbuckle expressed some confusion over the § 924(c)

charge. First, he had his counsel explain his intentions with the firearm:

[Hornbuckle's counsel]: . . . In addition, your Honor, Mr. Hornbuckle maintains he understands it was wrong for him to even agree to hold the drugs and gun for someone else. . . . He wants me to express to the Court that he had no intention of ever using the gun for any purpose. He actually is the one that unloaded the gun because he didn't want a loaded firearm in the house; and although he did plead guilty to the 924(c) charge, your Honor, the amount of time he was facing, he was facing a 15-year mandatory minimum prior to accepting the deal in this and I think he didn't want to take, you know, his chances at trial and try to challenge the evidence, but he just wants the Court to know he never possessed a firearm in the past, and he had no intention of doing—of using the firearm in any way.

App. 54. Later, Hornbuckle addressed the Court prior to being sentenced, expressing

discontent with the § 924(c) charge:

6

THE DEFENDANT: . . . Another thing I would like to bring[] up, your Honor, is the 924(c) gun charge—excuse me, I'm a little nervous—I have an issue with that your Honor. And even at the plea hearing, I really was uncomfortable with signing to it just because of the elements. I just had mere knowledge of the gun and the drugs. That was never my intention to use the gun to further any drug transactions or to harm anybody or anything like that. The government is clearly aware of who these items belong to. And I'm not happy. That wasn't—I didn't want to plead to that.

. . . .

THE DEFENDANT: Your Honor, I mean no disrespect to the Court. Again, I have a problem with the 924(c) charge. There was no evidence stating, saying that I actually possessed this gun in furtherance with a drug trafficking crime. I don't—I don't understand how I'm even being charged with this.

App. 58, 61.

Hornbuckle's appeal is based almost exclusively on the decision in *United States v. Maye*, 582 F.3d 622 (6th Cir. 2009). In *Maye*, the defendant argued both that the government had failed to provide a factual basis for the § 924(c) (an argument which Hornbuckle does not raise) and that the district court failed to ensure that he understood the nature of the § 924(c) charge to which he pled guilty. *Id.* at 626–27. Because the defendant had failed to object before the district court, the Court of Appeals for the Sixth Circuit reviewed for plain error. Although the court found plain error under the facts it confronted, we find *Maye* distinguishable.

The defendant and the district judge in *Maye* were both "confused as to what exactly was required to establish guilt of a section 924(c) possession-in-furtherance charge." *Id.* at 627. The court of appeals held that both the defendant and the district judge "did not believe that a specific nexus between the gun and the [drug trafficking]

7

crime charge need be shown but, rather, that *the government need show only that the defendant possessed a firearm and that the firearm was located somewhere near the illegal drug transaction.*" *Id.* (internal quotation marks omitted) (emphasis added).  At one point during the sentencing hearing, at which the defendant expressed his continued confusion with the § 924(c) charge,[3] the district court went as far as to say: "The 924(c) charge charged you with possession of a firearm in furtherance of a drug trafficking crime. . . . *You had it, and that was suf[f]icient.*" *Id.* at 628 (emphasis in original).  The court of appeals held this to be plain error because "the district court expressed a mistaken understanding that a section 924(c) conviction . . . could be established simply by evidence that a gun was present on the premises where a drug sale occurred." *Id.* at 630.  Compounding the error, "the prosecution never identified evidence that would meet [the] 'in furtherance' standard," thereby failing to ensure that there was a factual basis for the plea. *Id.*

Here, by contrast, the District Court never said that all the government needed to prove was mere possession of a firearm along with drugs.  Moreover, the record reflects that Hornbuckle's confusion was not with the meaning of "in furtherance," but with two separate issues: (1) the meaning of constructive possession, App. 35; and (2) his (lack of) intent to use the firearm in any way, App. 54, 58, 61.  Neither of these issues demonstrates a lack of understanding of the "in furtherance" element of § 924(c) in the

---

[3] The defendant's confusion in *Maye* is reflected in statements such as: (1) "I was kind of confused on one of the charges I was charged with, which is a 924(c)"; (2) "I think I was just under the impression that I was just being charged for having a gun period, point blank"; and (3) "I was guilty because I had—I just had the gun period, point blank." 582 F.3d at 628–29.

8

same manner as the *Maye* case.

On the issue of constructive possession, Hornbuckle's concern was that, although the gun was located in his bedroom, it wasn't in his "actual physical possession." Close scrutiny of the District Court colloquy demonstrates that the focus of the quoted exchange was on the meaning of "possession" and not the meaning of the "in furtherance" element. The District Court took care to explain that, even if it was someone else's gun, because it was in his presence and available to him, Hornbuckle did possess it. Hornbuckle indicated that he understood the District Court's explanation for how he could possess the gun without owning it. He did not inquire as to the "in furtherance" element at that time or indicate that he did not understand it. At worst, the District Court made an omission by not affirmatively explaining "in furtherance" and never told Hornbuckle that mere possession was sufficient to satisfy § 924(c)—a far cry from the district court in *Maye*, which made an affirmative misstatement of the "in furtherance" element and represented that mere possession was sufficient.

On the issue of intent, Hornbuckle acquiesced at the change of plea hearing in the government's articulation of the evidence that could be produced at a trial, including (among other things) a "DEA agent [who] would also testify regarding the manner in which drug-traffickers commonly possess handguns *in order to protect illegal drugs and drug proceeds*." App. 37–38 (emphasis added). The District Court continued the colloquy by explaining all of the rights Hornbuckle would give up by pleading guilty. Afterwards, when Hornbuckle was asked if he had any other questions, he replied that he did not. App. 43. His attorney represented that he, too, was not aware of anything else

9

the District Court should ask. *Id.* The District Court was thus satisfied that (a) Hornbuckle fully understood the charges; (b) he fully understood the consequences; (c) there was a factual basis for the plea, and (d) he was pleading guilty knowingly and voluntarily. App. 44.

Throughout the entire sentencing colloquy, Hornbuckle never claimed that he did not understand the nature of the § 924(c) charge at the time of the plea; he only expressed bewilderment as to factual basis. App. 58, 61. The fact that Hornbuckle argued so strenuously at sentencing that he lacked any intent "to use the gun to further any drug transactions" indicates that he did, in fact, understand what "in furtherance" meant. His "problem with the 924(c) charge" was not with the meaning of "in furtherance," but whether he in fact had the intent to further a drug transaction. Nor did Hornbuckle say at sentencing that he did not, at the time of his guilty plea, understand the meaning of "in furtherance." His stated concern was that the government wanted to "us[e] the gun charge to hold it over the top of my head." App. 61. His assertion at sentencing that he was "uncomfortable" at the plea hearing about "signing to [the § 924(c) charge] because of the elements" is itself suggestive that Hornbuckle did understand the difference between possession and possession in furtherance. App 58.

We, like the District Court, are satisfied that Hornbuckle "fully underst[oo]d the charges." App. 44. We thus do not find that the District Court committed plain error.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence of the District Court.

10