**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3537
_____

TRISTAN GOULD,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A027-911-731)
Immigration Judge: Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012

Before: SCIRICA, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed : May 18, 2012 )
_____

OPINION
_____

PER CURIAM

Tristan Gould ("Gould") petitions for review of the Board of Immigration
Appeals' final order of removal. For the reasons that follow, we will deny the petition for
review.

Gould, a native and citizen of Trinidad and Tobago, was admitted into the United States in November, 1986 as a lawful permanent resident. On June 17, 2010, Gould was convicted in the United States District Court for the Eastern District of New York, pursuant to a plea of guilty, of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to one day of imprisonment on the Hobbs Act robbery conspiracy, and to a concurrent term of imprisonment of 60 months on the firearms offense. On March 8, 2011, Gould was served with a Notice to Appear, which charged, in pertinent part, that he was removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined by INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (crime of violence for which term of imprisonment is at least one year), and INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C), as an alien who has been convicted of certain firearms offenses.

Gould appeared pro se before an Immigration Judge, indicated his wish to proceed without the aid of counsel, and admitted the facts of his criminal convictions and sentence. The IJ found Gould removable on the two charges and asked whether Gould had any applications for relief. Gould stated that he did not. On April 5, 2011, the IJ ordered Gould removed to Trinidad and Tobago. The IJ noted that a conviction under 18 U.S.C. § 924(c)(1)(A)(i) is, by definition, a crime of violence, and that Gould appeared ineligible for any form of relief.

Gould, through current counsel, filed a notice of appeal with the Board of Immigration Appeals, and Gould filed a notice of appeal pro se. On both notices of appeal, the box indicating that a brief would be filed was checked, but no brief was ever filed. However, counsel's notice of appeal stated Gould's contention that the IJ erred in finding that his Hobbs Act robbery conspiracy and firearms convictions were aggravated felonies under the INA. On June 19, 2011, the Board affirmed the IJ without issuing a decision, 8 C.F.R. § 1003.1(e)(4). Gould then timely petitioned for review.

We will deny the petition for review. When the Board issues an affirmance without opinion under the streamlining regulations, we review the IJ's decision and address the IJ's reasoning. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). The INA divests courts of jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1127(a)(2)(A)(iii), (B), (C), or (D) of this title …," 8 U.S.C. § 1252(a)(2)(C), which includes the aggravated felony and firearms offense grounds on which Gould was found removable. We retain jurisdiction, notwithstanding, to review "constitutional claims and questions of law raised upon a petition for review," see id. at § 1252(a)(2)(D), and to determine whether Gould has been convicted of an aggravated felony and thus whether the jurisdiction-stripping provision even applies, see Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005). An alien must exhaust all administrative remedies as a prerequisite to raising a claim before this Court. See 8 U.S.C. § 1252(d)(1); Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989). Failure to present an issue to the agency constitutes a failure to exhaust, thus

3

depriving us of jurisdiction to consider it, see Lin v. Att'y Gen. of U.S., 543 F.3d 114, 119-20 (3d Cir. 2008), but exhaustion of administrative remedies is satisfied so long as the alien makes some effort to place the Board on notice of a straightforward issue, see Joseph v. Att'y Gen. of U.S., 465 F.3d 123, 126 (3d Cir. 2006).

Gould, through counsel, has raised several specific arguments in his brief that were not pursued before the Board, including that: (1) the minimal conduct required to secure a conviction under 18 U.S.C. § 924(c)(1)(A)(i) could be conduct that does not meet the definition of a "crime of violence" in 18 U.S.C. § 16, see Petitioner's Brief, at 15; (2) section 924(c)(1)(A)(i) is divisible and thus his conviction could have been for the offense of using or carrying a firearm in furtherance of a drug trafficking crime (which does not involve the use or threat of physical force), rather than a "crime of violence," see Petitioner's Brief, at 16-17; (3) a conviction under section 924(c)(1)(A)(i) alone is not a conviction for an aggravated felony because it does not require a separate conviction for a "crime of violence" or drug trafficking crime, see Petitioner's Brief, at 17-18; and (4) conspiracy to commit a Hobbs Act robbery is not a "crime of violence," and his sentence of one day does not cross over to any other offense to have that offense meet the sentencing minimum of one year, see Petitioner's Brief, at 19-21. The Attorney General in response has argued that we lack jurisdiction to address these specific arguments because Gould failed to raise them before the Board, see Respondent's Brief, at 16-17.

We conclude that we have jurisdiction to determine only the straightforward issue of whether Gould has been convicted of an aggravated felony and thus whether the jurisdiction-stripping provision applies to his petition for review, see Tran, 414 F.3d at

4

467. Gould's notice of appeal stated his contention that the IJ erred in finding that his convictions were aggravated felonies under the INA, and that will suffice under our liberal policy of exhaustion to at least address the general "crime of violence" question underlying the validity of Gould's order of removal, Joseph, 465 F.3d at 126. We review de novo the question of whether Gould's convictions constitute aggravated felonies under the INA. See Restrepo v. Att'y Gen. of U.S., 617 F.3d 787, 790 (3d Cir. 2010).

We conclude that the agency did not err in determining that Gould's convictions are aggravated felonies under the INA. Included in the INA's definition of aggravated felony is "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).[1] Section 16 of title 18 defines a "crime of violence" to mean: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

Section 924(c)(1)(A)(i) of title 18 provides in pertinent part that:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in

---

[1] It is undisputed that Gould was convicted of a felony, his offenses were not political, and he was sentenced to not less than one year of imprisonment on the firearms conviction.

addition to the punishment provided for such crime of violence or drug trafficking crime -- (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i).  For purposes of section 924(c), the term "crime of violence" "means an offense that is a felony and -- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3). This definition of a "crime of violence" is identical to 18 U.S.C. § 16.

We generally employ the "formal categorical approach" announced in Taylor v. United States, 495 U.S. 575 (1990), to determine whether an offense falls within the category "crime of violence."  See Singh v. Ashcroft, 383 F.3d 144 (3d Cir. 2004).  Using that analysis, we look at the statutory elements of the specific offense and ascertain the least culpable conduct necessary to sustain a conviction.  Taylor, 495 U.S. at 600.  We do not consider the particular facts underlying a conviction.  Id.  Where the statute criminalizes different kinds of conduct, some of which would constitute an aggravated felony and some of which would not, we apply a "modified categorical approach" and look beyond the statutory elements to determine the particular part of the statute under which the immigration petitioner actually was convicted.  See generally Singh v. Atty Gen. of U.S., --- F.3d ---, 2012 WL 1255061 (3d Cir. April 16, 2012).  In such instances, we may consider but are "limited to the record of conviction (e.g., indictment, plea agreement, criminal judgment … ) and judicial findings of fact."  Id. at *6.

6

Section 924(c)(1)(A)(i) is disjunctive because it criminalizes (1) the use or carrying of a firearm in relation to, or possession of a firearm in furtherance of, (1) a "crime of violence" *or* (2) a drug trafficking crime. We thus must use a "modified categorical approach" to determine the particular element under which Gould was convicted. The conviction documents (the judgment and the indictment) identify Gould's offense under 18 U.S.C. § 924(c)(1)(A)(i) as Possession Of A Firearm In Furtherance Of A Crime Of Violence. The IJ determined, and the Board affirmed that determination, that Gould's conviction under section 924(c)(1)(A)(i) is, by definition, a "crime of violence," and thus an aggravated felony as defined by INA § 101(a)(43)(F). Insofar as the definition of a "crime of violence" under section 924(c)(3) is identical to the definition of "crime of violence" in 18 U.S.C. § 16, the agency was correct in this determination.

Because Gould failed to file a brief with the Board and thus did not raise his specific contentions (1) – (4), we are without jurisdiction to review them. 8 U.S.C. § 1252(d)(1). The requirement to exhaust compels a petitioner "to raise and exhaust his . . . remedies as to each claim or ground for relief if he . . . is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 595 (3d Cir.2003). We have no doubt that the four unexhausted issues concerning whether Gould's conviction under section 924(c)(1)(A)(i) is a "crime of violence" under the INA is squarely within the Board's competence and jurisdiction to review.

That being said, we doubt that Gould's unexhausted contentions have merit. The minimal conduct required to secure a conviction under section 924(c)(1)(A)(i) is not mere

7

possession during the commission of, in Gould's case, a "crime of violence." The Government must prove that the defendant's possession *furthered* the "crime of violence," cf. United States v. Sparrow, 371 F.3d 851, 852 (3d Cir. 2004) (mere presence of gun not enough; government must present evidence specific to particular defendant showing that his possession actually furthered drug trafficking offense). Gould's second unexhausted contention -- that the statute is divisible and he could have been convicted of possessing a firearm in furtherance of a drug trafficking crime rather than a "crime of violence" -- is readily refuted by the record of conviction, which may be considered in Gould's case. See Singh, --- F.3d ---, 2012 WL 1255061, at *6. As to his third and fourth unexhausted contentions, we note that Gould cited no authority for his argument that a conviction under section 924(c)(1)(A)(i) alone and without a *separate* conviction for a crime of violence, cannot constitute an aggravated felony. In any event, Gould was separately convicted of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, which is itself a "crime of violence," see, e.g., United States v. Turner, 501 F.3d 59, 67 (1st Cir. 2007) (noting majority view that conspiracy under Hobbs Act to commit robbery constitutes "crime of violence" for purposes of 18 U.S.C. § 924(c)).

For the foregoing reasons, we will deny the petition for review. The Attorney General's motion to expand the record to include the criminal complaint, indictment, and criminal judgment is granted insofar as Gould did not contest the facts of his criminal convictions and sentence in the proceedings before the agency.