NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1564

UNITED STATES OF AMERICA

v.

CLARENCE MITCHELL,

Appellant.

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-08-cr-00023-001)
District Judge:  Honorable Sue L. Robinson

Submitted Under Third Circuit L.A.R. 34.1(a),
October 30, 2009

Before:  SLOVITER, FUENTES, and HARDIMAN, Circuit Judges.

(Opinion Filed: October 30, 2009)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Clarence Mitchell was convicted of, *inter alia*, possession with intent to

distribute cocaine and possession of a firearm in furtherance of drug trafficking.  Before

his trial, he filed a motion to suppress evidence recovered during a search of North Franklin Place in Wilmington, Delaware, a residence owned by his wife, and the statements that he made to police following the search. Upon review of the affidavit and application for a search warrant, the District Court denied the motion, holding that the detectives acted in good faith in relying on the warrant. At trial, following the close of the government's evidence, Mitchell moved for a judgment of acquittal on the possession of a firearm in furtherance of drug trafficking count. The District Court reserved judgment, and the jury subsequently returned a guilty verdict. After the verdict, Mitchell renewed his motion for acquittal, which was denied by the District Court. On appeal, Mitchell challenges the denial of his suppression and acquittal motions. For the reasons that follow, we will affirm the District Court.[1]

## I.

Because we write primarily for the parties, we only discuss the facts and

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. "[W]hen a district court, in reviewing a magistrate's determination of probable cause, bases its probable cause ruling on facts contained in an affidavit, we exercise plenary review over the district court's decision." United States v. Ritter, 416 F.3d 256, 261 (3d Cir. 2005) (citation omitted). Both our court and the district court review the magistrate's initial probable cause determination deferentially. Id. Our review of a district court's conclusion regarding the applicability of the good faith exception is plenary. United States v. Hodge, 246 F.3d 301, 307 (3d Cir. 2001) (citations omitted). "We exercise plenary review over a district court's grant or denial of a motion for acquittal based on the sufficiency of the evidence, applying the same standard as the district court." United States v. Silveus, 542 F.3d 993, 1002 (3d Cir. 2008) (citation omitted).

proceedings to the extent necessary for the resolution of the case.

Wilmington Police Department ("WPD") Detectives Todd Riley and Robert Cunningham conducted a ten-week undercover investigation of appellant Clarence Mitchell. On five separate occasions, an informant made controlled purchases of crack cocaine from Mitchell. Following each purchase, members of WPD covertly tailed Mitchell in an effort to establish his residence. After the first purchase, the officers lost Mitchell. During the second purchase, Mitchell was driving a blue Jeep Cherokee, which was registered to Mitchell's mother at her residence. The officers conducted surveillance at this residence; Mitchell was never observed there, although another vehicle that he operated, a blue Ford Taurus, was seen at this location. After the second purchase, the officers tailed Mitchell to a bar.

After the third controlled purchase, officers followed Mitchell to a barber shop, where he remained for approximately twenty minutes. Mitchell then drove the blue Jeep Cherokee to the residence at North Franklin Place, where he stayed for approximately twenty minutes before departing. When officers returned to this location two hours later, the blue Jeep Cherokee was parked on the same block as the residence, which was owned by, Mitchell's wife.[2] During subsequent surveillance at this address, officers observed Mitchell arrive at the residence in the blue Ford Taurus that had been seen at Mitchell's

_____

[2] The record does not indicate that police knew that the house was owned by Mitchell's wife at the time of their surveillance or of their application for the challenged warrant.

mother's residence. Mitchell entered the residence, stayed for a short time, then exited and drove towards center-city Wilmington. Mitchell drove the same Ford Taurus to the fourth controlled purchase. After the purchase, police terminated surveillance of Mitchell when he entered the center-city area.

For the fifth controlled purchase, the officers had the informant call Mitchell, order drugs, and arrange a meeting spot. Surveillance officers then observed Mitchell exit a barber shop, drive to North Franklin Place, enter the residence, remain inside for five minutes, exit the residence, and drive to meet the informant. After the purchase, officers followed Mitchell back to the barber shop. During the investigation, officers also conducted surveillance at Mitchell's last known residence, but at no time during the investigation was Mitchell or any of the vehicles he operated during the controlled purchases observed at this address.

After the fifth controlled purchase, Detectives Riley and Cunningham applied for a search warrant for the residence at North Franklin Place. Based on an affidavit detailing the investigation, a Judge of the Justice of the Peace Court # 20 for the State of Delaware found that the detectives had probable cause to search North Franklin Place and issued a search warrant. On December 27, 2007, the detectives executed the search warrant and recovered approximately 4.5 ounces of cocaine; drug packing paraphernalia, including three plastic bags with a white powdery residue and small plastic bags commonly used for packaging crack cocaine; approximately $6,415 in cash; and, underneath the mattress, a

loaded .357 Sig Sauer firearm. Thereafter, Mitchell was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2) (Count 3).

Mitchell filed an Amended Motion to Suppress Evidence and Statements, challenging the search of North Franklin Place and the admissibility of his subsequent statements to the police. On July 30, 2008, the District Court denied Mitchell's suppression motion in a Memorandum Order. In ruling on the suppression motion, the District Court did not reach the issue of whether the judicial officer who issued the search warrant had a substantial basis for finding probable cause. Instead, the Court ruled that the good faith exception of United States v. Leon, 468 U.S. 897 (1984), applied as "it was objectively reasonable for the detectives to rely on the Justice of the Peace Court's determination that probable cause existed when they searched Franklin Place." (App. 18.)

The District Court conducted a jury trial on Counts 2 and 3 of the Indictment. After the close of the government's evidence, Mitchell made a motion for judgment of acquittal on Count 3, the § 924(c) count, pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"). The Court reserved judgment on the motion. After the jury found Mitchell guilty of Counts 2 and 3, Mitchell renewed his Rule 29 motion, which the

-5-

District Court denied. The Court then accepted Mitchell's guilty plea to Count 1.

Subsequently, the District Court sentenced Mitchell to 24 months' imprisonment on

Counts 1 and 2, to be served concurrently, and 60 months' imprisonment on Count 3, to

be served consecutively.

On appeal, Mitchell challenges the denial of his suppression and Rule 29 motions.

With respect to the suppression motion, he argues that the detectives did not have

probable cause to search North Franklin Place and that the Leon good-faith exception

was inapplicable. With respect to the Rule 29 motion, he contends that the evidence at

trial was insufficient to prove that he knowingly possessed a firearm in furtherance of a

drug trafficking crime.

## II.

In an extensive written opinion ruling on Mitchell's motion to suppress, the

District Court carefully and thoroughly considered the contentions that the parties raise in

this appeal. After a complete review of the record, including the detectives' affidavit and

application for a search warrant, and the parties' arguments, we find no basis for

disturbing the District Court's ruling. Therefore, we will affirm the denial of Mitchell's

motion to suppress for the reasons set forth by the District Court in its written opinion.

See United States v. Mitchell, No. 08-cr-23, 2008 WL 2942142 (D. Del. July 30, 2008).

In reviewing the grant or denial of a Rule 29 motion, we exercise plenary review

and independently apply the same standard as the district court. Silveus, 542 F.3d at

1002. That standard of review is deferential, "viewing 'the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence.'" Id. (quoting United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002)) (further citation omitted). "A finding of insufficiency [of the evidence] should 'be confined to cases where the prosecution's failure is clear.'" Smith, 294 F.3d at 476 (quoting United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)).

When a defendant moves for a judgment of acquittal at the close of the government's case and the district court reserves decision on the motion, the district court must "determine whether an acquittal was appropriate based solely on the evidence presented by the government." United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005) (citing Fed. R. Crim. P. 29(b)). We are "similarly limited" and will "examine only . . . the evidence presented in the government's case, which includes evidence elicited on cross-examination of the government's witnesses, but not evidence presented in the defense case." Id. at 133–34 (internal quotation marks & citations omitted). Specifically, we will not consider the testimony of Mitchell's wife and Pearl A. Ponzo who testified for the defense.

The essential elements of knowing possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) are: (1) the defendant committed the crime of possession with intent to distribute a controlled substance; (2) the defendant

knowingly possessed a firearm; and (3) the defendant knowingly possessed the firearm in furtherance of the crime of possession with intent to distribute. United States v. Bobb, 471 F.3d 491, 496 (3d Cir. 2006). Mitchell argues that the government's evidence was insufficient to prove the third element—that he possessed the gun *in furtherance* of a drug trafficking crime. To establish the third element, "the 'mere presence' of a gun is not enough. . . . [T]he evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004) (citations omitted). In making this assessment, we consider the following nonexclusive factors:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414–15 (5th Cir. 2000)).

The record in the instant case demonstrates that many of the Ceballos-Torres factors are satisfied. A Sig Sauer .357 is a semiautomatic handgun, which, according to Detective Cunningham, can be concealed on a person. Mitchell, as a prior felon, could not lawfully possess a firearm. Moreover, at trial the government presented evidence that the firearm was stolen and that Mitchell bought it "on the street." (Gov't Ex. 5, Clip 2.) The gun was found, loaded, under the mattress in the bedroom at North Franklin Place, where it was easily accessible. During the same search, police retrieved approximately

-8-

$6,415 in cash from the house and approximately 4.5 ounces of cocaine from the garage in the rear yard. Mitchell stated that he bought the gun "[b]ecause [he] was kind of scared . . . because jokers was shooting jokers. They were running up on the block and robbing people . . . . They catch the jokers going in their house and robbing them . . . ." (App. 330.) Based on this evidence, a rational juror could reasonably find that Mitchell possessed the firearm to protect the drugs and drug proceeds located at North Franklin Place, a type of possession that "furthers, advances, or helps forward" drug trafficking.[3] Ceballos-Torres, 218 F.3d at 415.

**IV.**

For the foregoing reasons, we affirm the District Court's denial of Mitchell's motion to suppress and the denial of his Rule 29 motion for judgment of acquittal.

---

[3] The government also argues that the evidence was sufficient for a rational juror to find that Mitchell brought the firearm with him for protection while he engaged in drug sales. In light of our conclusion that the evidence was sufficient to support a finding that Mitchell possessed the gun to protect his drug and drug proceeds, we see no need to rule on the government's alternative argument.